[Civ. No. 962.   Second Appellate District.—February 13, 1912.]

# EDWIN B. HIXSON, Appellant, v. CLARA W. HOVEY and G. C. HOVEY, Her Husband, Respondents.

SPECIFIC PERFORMANCE—CONTRACT CALLING FOR SUFFICIENT TITLE—CERTIFICATE SHOWING ENCUMBRANCE—ACTION NOT SUSTAINABLE.—A contract for the sale of land cannot be specifically enforced against the vendee where it provides that the seller upon payment "agrees to deliver a certificate of title showing the title to be vested in the seller and to execute and deliver to the buyer or her assigns a good and sufficient deed of bargain and sale," if the certificate of title tendered showed an encumbrance existing against the land by deed of grant of the right of a third party to lay and maintain water-pipes through the land. The words "title vested in the seller" import necessarily a good title, which is free from encumbrance.

ID.—IMPLIED CONDITION IN EXECUTORY CONTRACT OF SALE OF LAND—BURDEN OF PROOF.—In every executory contract to sell land there is an implied condition that the title of the vendor is good, and that he will transfer to the vendee by his deed of conveyance a title unencumbered and without defect; and the vendor is bound to satisfy that implied condition and make proof of an unencumbered title without defect, before he can be entitled to a decree for specific performance of the contract.

ID.—PURCHASER NOT ESTOPPED BY FAILURE SPECIFICALLY TO OBJECT TO TITLE TENDERED BEFORE SUIT.—Where the vendor in his complaint alleged that he had performed all of the terms and conditions of his contract, and was still ready and willing to perform the same, and his proof failed to sustain his right to recovery, he cannot complain that the failure to sustain the burden of proof resting upon him was aided by an estoppel of the purchaser by failure to object specifically to the defect in the title, at the time of the tender of the certificate of title and deed before suit. Such failure cannot affect the obligation of the vendor, or permit him to enforce any different contract from that expressed in the writing.

ID.—CONSTRUCTION OF CODE AS TO WAIVER OF SUFFICIENCY OF TENDER—QUESTION OF COSTS AND RIGHT TO SUE.—The provisions of section 2076 of the Code of Civil Procedure, touching a waiver by failing to object to the form of a tender, are mere rules of evidence affecting the question of costs and the right to sue where a tender is necessary before suit. It cannot help a suit in which no sufficient performance or offer to perform is shown by the plaintiff, and no cause of action for specific performance is proved.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Roland G. Swaffield, for Appellant.

George A. Skinner, and E. S. Williams, for Respondents.

JAMES, J.—This appeal was taken from a judgment entered in favor of defendants and from an order denying the motion of plaintiff for a new trial.

On the fifteenth day of November, 1906, one C. I. Thorp, as vendor, entered into a written contract with defendant Clara W. Hovey, whereby it was agreed that Thorp would sell and convey to said defendant a certain lot of land. The purchase price was to be paid in several installments at different dates subsequent to that upon which the contract was made. Thorp was then the owner of the property which was made the subject of the agreement and he later conveyed the same to this plaintiff, and also assigned the contract of sale for the lot mentioned, to the latter. Default having been made in the payment of the larger part of the consideration named in the contract of sale, plaintiff made tender of deed and certificate of title on March 17, 1910, to Clara W. Hovey, and demanded payment of the amounts due. Upon payment being refused, this action was brought to compel specific performance. Plaintiff in his complaint alleged that he had performed all of the conditions precedent on his part to be performed, and that he had made tender of sufficient deed and a certificate showing title to the lot to be vested in him prior to the commencement of the action, and that he was ready, able and willing to comply with the terms of his contract. He deposited with the clerk of the court a deed and the certificate of title for the benefit of defendant Clara W. Hovey, and prayed for judgment for the balance of the purchase price and interest. The answer specifically denied all of the material allegations of plaintiff's complaint. The court in its findings, among other facts, determined that the plaintiff had not performed all the conditions required to be performed on his part, and that he had not offered to perform all of such

conditions, or to deliver to Clara W. Hovey "any good and sufficient deed of grant, bargain and sale to, and which would convey said property to said Clara W. Hovey, freed and unencumbered from all liens and adverse claims and rights thereto . . . that neither said plaintiff nor said C. I. Thorp, has at any time offered to deliver to said Clara W. Hovey a deed as aforesaid, nor a certificate of title showing the title to said property to be vested in either C. I. Thorp or the plaintiff." The principal attack of appellant is made upon the finding which we have quoted, and it is claimed that the evidence was insufficient to support the conclusions therein reached by the trial judge. The written contract of sale executed between Thorp and Clara W. Hovey contained this provision: "The seller on receiving the full payments at the times and in the manner above mentioned, agrees to deliver a certificate of title showing the title to be vested in seller and to execute and deliver to the buyer, or her assigns, a good and sufficient deed or grant, bargain and sale." The evidence disclosed that the certificate of title tendered by the plaintiff prior to suit brought, and which was thereafter offered in court, showed an encumbrance existing against the lot, which consisted of a right of way to lay water-pipes and maintain and repair the same, which right had been granted theretofore to the Alamitos Water Company by deed duly executed and recorded. Under the contract of sale defendant Clara W. Hovey was entitled to receive the property free and clear of all encumbrance; when it was provided that the certificate should show "title to be vested in seller," that term necessarily meant a good title, or one which was free from encumbrance. "In every executory contract for the sale of land there is an implied condition that the title of the vendor is good, and that he will transfer to the vendee, by his deed of conveyance, a title unencumbered and without defect." (*Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280], and cases there cited.) But appellant contends that because it was not specifically objected at the time of the tender, that the offer was refused on account of defect in title, Clara W. Hovey in this action would be estopped from raising the question as to the sufficiency of such tender. But the condition implied in the executory contract of sale, that a clear and unencumbered title should be conveyed, was one which the plain-

tiff was bound to satisfy and make proof of before he was entitled to a decree requiring the defendant Clara W. Hovey to specifically perform her agreement. He alleged in his complaint that he had performed all of the terms and conditions of the agreement, and that he was still ready, able and willing to perform the same. The certificate of title which he tendered in court with the deed, however, did not support these allegations made upon his part, and he therefore failed to make out an item of proof essential to a recovery. Because he had tendered instruments showing defective title, and objection because of the defect had not been specifically pointed out prior to suit, did not work a change in his obligation in that regard, or permit him to enforce any different contract against Clara W. Hovey than that which was expressed in the writing of which he had become the assignee. Referring to section 2076 of the Code of Civil Procedure, touching matters which shall be deemed to be waived by a party failing to object to the form or sufficiency of a tender, the supreme court in *Colton* v. *Oakland Bank of Savings,* 137 Cal. 376, [70 Pac. 225], says: "These provisions of the Code of Civil Procedure are mere rules of evidence affecting the question of costs and the right to 'bring actions in cases where a tender is necessary before commencing the action." The trial court, therefore, was right in its determination that there had been no sufficient performance, or sufficient offer to perform, made by the plaintiff. As the finding which was made adverse to appellant upon that issue must be sustained, the other questions urged on this appeal need not be considered.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.