[Civ. No. 2578. Second Appellate District.—September 16, 1918.]

## WALTER COSBY, Respondent, v. J. M. DANZIGER, Appellant.

VENDOR AND VENDEE — CONTRACT OF SALE — TITLE CLEAR OF ENCUMBRANCES — RESERVATION IN UNITED STATES PATENT OF RIGHT OF WAY FOR DITCHES AND CANALS.—The reservation in a United States patent from the lands thereby granted of "a right of way thereon for ditches or canals, constructed by authority of the United States," constitutes an encumbrance within the meaning of a contract of sale whereby the vendor agreed to sell and convey to the vendee the lands mentioned in the patent free and clear of all encumbrances, so that the vendor in such contract cannot compel performance by the purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. L. T. Price, Judge Presiding.

The facts are stated in the opinion of the court.

W. N. Goodwin, Hunsaker & Britt, and Goodwin & Morgrage, for Appellant.

. H. T. Morrow and Dave F. Smith, for Respondent.

CONREY, P. J.—The defendant appeals from a judgment awarding to the plaintiff a sum representing the unpaid balance of the purchase price found to be due under a contract for the sale by plaintiff to defendant of a tract of land in the county of Kern.   There is also an appeal from an order denying the defendant's motion for a new trial.

The contract was executed on the twenty-eighth day of November, 1908.   Part of the consideration was paid at that time and the remainder was due six months from the same date.   The contract provided that "upon the payment of the balance of the purchase price said seller agrees to deliver to said buyer a good and sufficient deed of grant, bargain and sale, conveying said premises to said buyer free and clear of all encumbrances, and also to deliver to said buyer an abstract of title to said land, showing the title of said seller to said land to be free and clear of all encumbrances.   Said buyer hereby agrees to assume and pay the taxes on said property for the fiscal year 1908–9, and shall be entitled to immediate possession of said premises and to remove therefrom any mineral, oil, water, or other property."

The court found that on the thirteenth day of December, 1911, the plaintiff tendered to defendant and offered to deliver to defendant a deed of grant, bargain, and sale, in the form provided in the contract, conveying the real property described in the contract, free and clear of all encumbrances; and at the same time tendered to defendant and offered to deliver to defendant an abstract of title, which abstract of title showed the title of plaintiff in and to said real property free and clear of all encumbrances; that defendant, at said time, did not specify any objection to the deed or to the abstract of title, or to the title of said real property; that the plaintiff duly made renewal of the same offer in open court at the time of the trial, upon condition that defendant would pay plaintiff the balance due and unpaid to plaintiff under said contract.

Appellant contends that the evidence does not support the findings of the court to the effect that the plaintiff tendered to defendant a deed accompanied by an abstract showing title to the premises in question vested in the plaintiff free and clear of any and all encumbrances. The abstract of title which was tendered by the plaintiff to the defendant shows that the instrument under which the plaintiff claims that legal title to the premises described in the contract became vested in him is a patent issued by the United States of America to Walter Cosby, dated June 7, 1905. A copy of this patent, exemplified under certificate of the recorder of the general land office at Washington, was recorded in the recorder's office of Kern County, California, on the sixteenth day of November, 1910. Besides describing the property as the northeast quarter of section 24, etc. (being the same description as in the contract between plaintiff and defendant), the patent designated the property as being "that certain placer mining claim and premises known as the Black Goose placer mining claim." The patent grants "said mining premises," etc., subject, nevertheless, to certain conditions and stipulations, one of which is as follows: "4. . . . *And there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by authority of the United States.*"

The certificates attached by the Kern County Abstract Company to the several sections of the abstract as made by it declare that the same is "a full, true and complete abstract of title to the land hereinafter described, as shown by the records in the county offices of the county of Kern, State of California, except the records and proceedings of the board of supervisors of said Kern county, as also all matters, instruments and proceedings on file or of record relating to water, water rights, ditches and canals." This was not a complete abstract. For all that appears therefrom, there may have been liens or easements of record, covered by said exception, and there may have been actions pending, or judgments existing, in the federal courts of the district in which the land is situated, affecting the plaintiff's title. It may be, however, that the defendant's failure to specify any objection to the incomplete condition of the abstract deprives him of the right to insist upon such objections. As to this matter we express no opinion, since upon other grounds we shall hold that the plaintiff is not entitled to prevail in the action.

The right of way reservation contained in the patent to which we have referred was made pursuant to an act of Congress of August 30, 1890, which provided "that in all patents for lands hereafter taken up under any of the land laws of the United States or on entries or claims validated by this act west of the one-hundredth meridian, it shall be expressed that there is reserved from the lands in said patent described, a right of way thereon for ditches or canals constructed by authority of the United States." (26 Stats. at Large 391, [8 Fed. Stats. Ann., 2d ed., p. 802; U. S. Comp. Stats. (1916 ed.), sec. 4933].) The object of this legislation was to save to the government the right to thereafter enter upon land for which patents might be issued, and construct and maintain thereon such canals and ditches as might be deemed necessary in furtherance of the government's policy for the reclamation of arid lands. (*Green* v. *Willhite*, 160 Fed. 755; *United States* v. *Van Horn*, 197 Fed. 611.)

We now have gone far enough to see that the plaintiff agreed to deliver to the defendant a deed conveying said premises to the buyer free and clear of all encumbrances, and to deliver to defendant an abstract of title showing the title of the plaintiff to said land to be free and clear of all encumbrances; that the plaintiff claims the right to fulfill that contract by conveying the land to the defendant subject to the right of the United States government at any time to construct and maintain ditches and canals across the land through any part thereof which the government may select.

Counsel for respondent say that appellant had knowledge of the reservations in the title at the time the contract was entered into; that he contracted in the light of that knowledge, and by his conduct construed the contract in a manner inconsistent with his contention here. This claim is not borne out by the record. There is no evidence tending to show that at the time when the contract was made appellant had any knowledge or notice of the source of respondent's title. Even if it could be assumed that appellant must have known that the title rested upon a federal basis, yet there is no evidence that he knew or had notice that the plaintiff's patent was of later date than August 30, 1890, and that therefore it necessarily would contain the reservation to which we have referred.

Thus we are brought to a consideration of the question whether or not said right of way reservation constitutes an encumbrance on the land which the plaintiff agreed to convey. If the plaintiff's property were subject to a right of way granted to some private person to construct ditches thereon, we would not hesitate to hold that such right of way is an encumbrance against the property. It was so determined by this court in *Hixson* v. *Hovey*, 18 Cal. App. 230, [122 Pac. 1097]. In that case the court also said: "Under the contract of sale defendant Clara W. Hovey was entitled to receive the property free and clear of all encumbrance; when it was provided that the certificate should show 'title to be vested in seller,' that term necessarily meant a good title, or one which was free from encumbrance."

While agreeing that the deed tendered by respondent to appellant would convey the title subject to the right of way for canals or ditches, as specified in the patent, counsel for respondent insist that, for various reasons, this reservation was not an encumbrance. The gist of this contention seems to be that since the patent was issued in the form provided by law, and contained only a reservation established by public statute, that the reservation itself results from an exercise of sovereign governmental power, and not from an exercise of the proprietary power of the government as owner of the land; that under these circumstances the patentee has obtained the most complete and absolute dominion of the property which a private person can have under the law, and that the reservation therefore does not constitute an encumbrance or a defect of title, but is merely a part of the description of that title, and shows nothing more than that the land is subject to "a power in trust for the benefit of the land and the people."

On this last proposition we are referred to *United States* v. *Minidoka R. R. Co.*, 176 Fed. 762. Adverting to the act of August 30, 1890, in connection with other statutes providing for the construction by the government, of ditches and canals for irrigation uses, the court did say, that "in a large sense the Secretary of the Interior in building and operating these canals acts as the trustee for the settlers, upon whom primarily rests the burden of their cost, and into whose hands their control will ultimately pass"; but the court did not say or in-

timate that a reservation like that here in question does not constitute an encumbrance upon the land affected thereby.

The government of the United States, in adopting the laws under which it will transfer public lands to private persons, has power to grant such lands in fee, or less than in fee, or on lease for limited terms and limited uses. So far as the questions presented in the present case are concerned, we think that it is not important that the government, in the enactment of such legislation, may be acting in a sovereign governmental capacity rather than as proprietor of any definite area of land. On any theory, it remains true that in a given case the grant provided for may be a grant of less than an unlimited title in fee. Such is the case at bar. We cannot escape the facts that respondent agreed to pass to appellant an ordinary clear and unencumbered title; and that appellant had no information charging him with notice that he was buying land subject to a right of way for ditches or canals, to be constructed by the government of the United States. Comparing the deed and the evidence of title tendered by respondent, with the terms of his contract, the fact glaringly stands forth that he has not complied, and apparently cannot comply, with those terms. This being so, he is not entitled to compel performance by the purchaser.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.