[S. F. No. 10375. In Bank.—March 15, 1923.]

E. M. RUSTIGIAN, Respondent, v. F. M. PHELPS et al., Appellants.

[1] VENDOR AND VENDEE—TITLE—ENCUMBRANCES—RIGHTS OF WAY—RECOVERY OF DEPOSIT.—Rights of way for ditches and for the conveyance of water across land constitute an encumbrance thereon, and where an escrow agreement for the purchase of the land provides for a transfer to the purchaser of the property free and clear of all encumbrances except as therein otherwise stated, such rights of way not being excepted and not being removed, the purchaser is entitled to recover a partial payment made under the contract.

[2] ID.—VISIBLE EASEMENTS—EVIDENCE.—In this action to recover a deposit made under an escrow agreement to purchase certain land, it is held that the evidence does not sustain the contention that the encumbrances complained of existed openly, notoriously, and continuously throughout the entire period covered by the transaction, that their existence was known to the purchaser, and that the real subject matter of the dealings was the land subject to visible easements.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild, J. R. Fitch and Harris, Johnson, Willey & Griffith for Appellants.

W. D. Crichton and Gallaher, Simpson & Hays for Respondent.

WASTE, J.—Defendants appeal from a judgment in favor of plaintiff in an action to recover a deposit of one thousand dollars, made upon a tentative receipt for the purchase of land. Plaintiff entered into a contract with defendant Phelps, as agent for the owner of the purchased land, paid Phelps the above sum as and for a deposit and partial payment on the full purchase price of the property, and received an escrow deposit receipt and agreement which provided that upon payment of five thousand dollars cash, including the amount deposited, he should receive a good and sufficient contract for a deed conveying said property to him, together with an abstract or certificate of title, to be furnished at the owner's expense, showing title to such property to be in the owner, free and clear of all encumbrances whatsoever, except as otherwise expressly stated in the escrow receipt and agreement. The only exception noted by this agreement was a provision that the property in question was covered by a contract between the owner and the California Associated Raisin Company.

The defendant Brooks, as owner, in writing accepted the terms of the escrow agreement, and agreed to execute and deliver a good and sufficient contract for a deed conveying the property to the plaintiff. Thereafter the defendant Brooks delivered a certificate showing title to the property to be vested in him, but subject to the payment of certain taxes and rights of way for ditches shown on the map accompanying the certificate and referred to as reserved in various deeds of record, and also subject to an annual payment to the Fresno Canal and Land Corporation for water right appurtenant to the land and right of way thereover to convey water to other lands, as provided by an agree-

ment of record. Brooks also tendered to plaintiff an agreement for a deed to be executed when one-half of the total purchase price of the property, together with interest to that date, had been paid, and when the plaintiff otherwise performed the conditions and covenants of the tendered contract. The contract provided, further, for the execution by Brooks and his wife, and the delivery to the plaintiff, of a deed conveying the property to plaintiff free and clear of any liens except taxes, agreed to be paid by plaintiff, and defects of title, "save and excepting rights of way for roads and ditches, and any contract which is now in force." This plaintiff refused to execute, and brought this action to recover his deposit of one thousand dollars. Judgment was entered in his favor, and defendants have appealed.

[1] The plaintiff based his rejection of the contract tendered by Brooks upon the ground that the escrow agreement provided for a transfer to him of the property free and clear of all encumbrances excepting as therein otherwise stated, whereas the certificate of title furnished by Brooks, in compliance with the provisions of the preliminary contract, disclosed the title to the property to be subject to rights of way for ditches and roads and the annual payment to the Canal and Land Corporation for water right appurtenant to the land and a right of way to convey water over the property. This contention was upheld by the trial court, and we are satisfied that its judgment must be affirmed. The rights of way for ditches and for the conveyance of water across the land constituted an encumbrance thereon. (*Cosby* v. *Danziger,* 38 Cal. App. 204, 208 [175 Pac. 809].) These restrictions and encumbrances upon the title of the defendant Brooks, not being included in the exception carried in the escrow agreement, and not being removed, justified the plaintiff in seeking a recovery of his partial payment under defendant's contract to convey to him a title free and clear of all encumbrances except as in the escrow agreement noted. (*Tandy* v. *Waesch,* 154 Cal. 108, 110 [97 Pac. 69].)

[2] In combating the contention of the respondent and the finding of the trial court, the appellants assert that the encumbrances complained of existed openly, notoriously, and continuously throughout the entire period covered by the transaction in question; that their existence was known

to the respondent; and that the real subject matter of the dealings between the parties was the land subject to visible easements. The record in the case discloses no such facts. There is not a word of testimony, nor was there a scintilla of evidence before the trial court, to justify even an inference that the Fresno Canal and Land Corporation, up to that time, had ever constructed a ditch or canal on the land in question. The certificate of title referred to "rights of way for ditches shown on the map hereinafter referred to, as reserved in various deeds of record." The map was not produced and no deeds are found in the record of the evidence. Neither is there testimony that the plaintiff ever saw the land. The case, therefore, does not fall within the application of the rule relied upon by appellants that an agreement to convey land free and clear of all encumbrances does not refer to visible physical burdens upon the land, permanent in character.

The judgment is affirmed.

Myers, J., Kerrigan, J., Lawlor, J., Lennon, J., Seawell, J., and Wilbur, C. J., concurred.