WALSH, Respondent, v. BELLAMY, Appellant

(2 N. W.2d 102.)

(File No. 8338. Opinion filed January 22, 1942.)
Rehearing Denied March 26, 1942.

**George E. Flavin** and **James W. Bellamy,** both of Rapid City, for Defendant and Appellant.

**C. A. Wilson,** of Hot Springs, for Plaintiff and Respondent.

ROBERTS, J. This is an action brought under SDC 37.31 for the strict foreclosure of a contract for the sale of

real property. Defendant answered, setting up the defenses that the plaintiff failed and refused to comply with the terms of the contract sought to be enforced and that defendant was not in default. The court made findings in favor of the plaintiff and rendered judgment decreeing that the rights asserted by the defendant under the contract be foreclosed, unless the defendant paid to the plaintiff the amount due on the contract and costs within ninety days after service of copy of the judgment upon him. From this judgment defendant appeals.

The facts shown by the record are substantially as follows: On September 18, 1928, plaintiff, Helen A. Walsh, entered into a contract with defendant, Paul E. Bellamy, whereby plaintiff granted defendant an option to purchase certain real property in Custer County for the sum of $4,000. The contract provides that, if the purchaser should determine to exercise the option within six months from the date of the contract, he is to pay to the vendor the sum of $1,000, and that in such event the option contract becomes a contract of purchase and sale and the sum of $100 paid for the option is to be credited upon the purchase price. The contract further provides that if the defendant exercises the option by making a payment of the sum of $1,000, "then the balance of said purchase price shall be payable on or before the expiration of six months" from the date of the contract. Time is made the essence of the transaction. Plaintiff under the terms of the contract obligated herself to "convey the premises by good and sufficient warranty deed of conveyance, free and clear of all liens and encumbrances" and to "furnish abstract of title, showing the title to said premises to be in her good and merchantable and free and clear of all liens and encumbrances at the time of final payment."

The parties entered into a supplemental contract on February 23, 1929, extending the option to purchase for a period of four months. Defendant paid to the plaintiff before the expiration of the option the sum of $1,000. In June, 1933, the parties by separate deeds conveyed a portion of

the real property described in the contract to the State of South Dakota and the amount of $1,500 received from the state was paid to a mortgagee of the vendor, reducing the sum remaining unpaid upon the contract to $1,400.

Defendant contends that plaintiff's action was prematurely commenced and that the court erred in failing to find that plaintiff could not convey title free of defects and liens and encumbrances as required by the contract.

■■ It is asserted that this action was prematurely commenced because no notice of default was served and an offer or tender of performance on the part of plaintiff was necessary to place defendant in default. The case of State v. Darling, 39 S..D. 558, 165 N. W. 536, 537, disposes of the contention that notice is an essential prerequisite to an action to foreclose. This court in that case said: "Ordinarily, in equity actions to strictly foreclose such contracts on condition broken, it is necessary that the vendor fix a stated future time, giving the purchaser notice thereof, in which the purchaser is notified that, unless he complies with the terms of his contract within such time, the vendor will begin action to cut off and bar his right and equities thereunder. * * * Under the provisions of said chapter 138 [SDC 37.31], the court is authorized to fix such future time in which the purchaser, if he so desires, may comply with the terms of his contract, which statutory provision answers the same purpose as requiring the vendor to fix such time and give notice thereof before suit. The plaintiff in this case is not seeking to rescind the contract, but is relying upon the contract, and a breach thereof, as the basis of its cause of action and right to relief."

■■ Under the terms of the contract plaintiff agreed to furnish abstract of title and to execute and deliver a deed to the premises at the time of final payment. The right to such payment and the right to receive a deed to the premises with an abstract showing good and merchantable title, free and clear of all liens and encumbrances, are dependent covenants. Pirrung v. Blankenburg, 57 S. D. 45, 230 N. W. 219. This is not an action for damages for non-performance.

In such an action the failure to tender performance is a defense when the covenants between the parties are dependent. Ink et al. v. Rohrig, 23 S. D. 548, 122 N. W. 594. The right of action in such instance arises from the breach of the contract, and it necessarily follows that tender of performance before suit must be established. The remedy sought by plaintiff in the case at bar is under the statute to require the purchaser to comply with the terms of the contract between the parties. SDC 37.3102 provides: "The Court in such actions shall have the power to equitably adjust the rights of all the parties thereto, but it shall not be necessary in such actions, to entitle the plaintiff to a judgment, that proof be made on the trial of an offer or tender of performance, where such offer is made in the complaint and the proof shows that the plaintiff is able and willing to fully perform the terms of the contract sought to be foreclosed at the time of trial." This court in Moter v. Hershey, 48 S. D. 493, 205 N. W. 239, construed these provisions as applied to a contract containing dependent covenants to authorize the commencement of an action without tender of performance. A vendee under the terms of the statute is allowed a reasonable opportunity to comply with the terms of the contract, and a failure to tender performance before suit would not affect the merits. It would only involve a question of costs. As stated by the court in Security Savings & Trust Co. v. Mackenzie, 33 Or. 209, 52 P. 1046, 1047: "A failure in this regard can only affect the question of costs which is always in the discretion of the court. If a defendant in such a suit should rely upon the want of such an offer, and there should be no unjustifiable resistance to taking a decree by the plaintiff, doubtless the court would require the plaintiff to pay all the costs of the proceeding." See also McGehee v. Blackwell et al., 28 Ark. 27; Harrington v. Birdsall, 38 Neb. 176, 56 N. W. 961.

The court found that plaintiff was ready, willing and able to perform all the terms and conditions of the contract. The evidence shows that the instrument under which plaintiff claims title is a patent by the United States of America

to her dated August 11, 1922. The patent grants the premises subject "to the provisions of Section three of said Act of June 11, 1906, [34 Stat. 234, 16 U. S. C. A. § 508], 'That all entries under this Act in the Black Hills Forest Reserve shall be subject to the quartz or lode mining laws of the United States, and the laws and regulations permitting the location, appropriation, and use of the waters within the said forest reserve for mining, irrigation, and other purposes; and no titles acquired to agricultural lands in said Black Hills Forest Reserve under this Act shall vest in the patentee any riparian rights to any stream or streams of flowing water within said reserve;' and there is reserved from the land hereby granted, a right of way thereon for ditches or canals constructed by the authority of the United States.". Defendant contends that the reservations of riparian rights and of right of way for government ditches are encumbrances, and plaintiff having agreed to convey the premises free from encumbrances would not fulfill her contract in conveying a title subject to such rights. Plaintiff contends, on the other hand, that the reservations in the patent are not such encumbrances as the parties specified in their contract, and that, if it be conceded that the reservations are encumbrances within the terms of the contract and would sustain a rescission, it is no defense in an action of strict foreclosure to show that the title is subject to such restrictive provisions. As to the latter contention we express no opinion, since we hold that such restrictions constitute no breach of covenant against liens and encumbrances.

The act of Congress, entitled "An Act to provide for the entry of agricultural lands within forest reserves", of June 11, 1906, 16 U. S. C. A. §§ 506 et seq., 510 note, authorized the Secretary of Agriculture to ascertain the location and extent of lands within the forest reserves, with the exception of specified counties not here pertinent, chiefly valuable for agriculture, and which, in his opinion, could be occupied for agricultural purposes without injury to the forest reserves and which were not needed for public purposes and to file the descriptions with the Secretary of Interior with the re-

quest that the lands be opened to homestead entry. The act further provided that the limitation of title to the effect that no title acquired to agricultural lands within forest reserves shall vest in the patentee any riparian rights be expressed in the patent for such lands. The reservations contained in the patent under which plaintiff claims title as to riparian rights was made pursuant to this act of Congress. The right of way reservation in the patent was made pursuant to an act of Congress of August 30, 1890, 43 U. S. C. A. § 945, which provided: "In all patents for lands taken up after August 30, 1890, under any of the land laws of the United States or on entries or claims validated by the Act of August 30, 1890, west of the one hundredth meridian, it shall be expressed that there is reserved from the lands in said patent described a right of way thereon for ditches or canals constructed by the authority of the United States."

█ In Maupin on Marketable Title, 3d Ed., Sec. 143, it is said: "The purchaser must also take notice of public statutes restricting the use of the granted premises; and such restrictions constitute no breach of the covenant of warranty."

Neeson et al. v. Bray et al., Super., 19 N. Y. S. 841, and Richardson-Kellett Co. v. Kline, 70 Fla. 23, 69 So. 203, are cited in support of the text. In the latter case it was held that, in a conveyance of a part of the Everglades swamp land, a reservation of a right in favor of the state to enter upon the land for the purpose of constructing a system of drainage canals, if necessary, did not render the title defective. In Thomas v. Wood, 5 Cir., 37 F.2d 856, 857, it was held that the vendee was not justified in refusing to perform a contract for the purchase of land on the ground that the title contained restrictions similar to those considered in the Kline case. The court said: "The restrictions are a matter of public knowledge, and the parties dealing with the title contract with reference thereto and the restrictions become a part of the contract of sale and purchase."

█ Cosby v. Danziger, 38 Cal. App. 204, 175 P. 809, cited by defendant, held that, where the vendor agreed to

furnish vendee an abstract showing the title free and clear of any and all encumbrances, he would not fulfil his contract by tendering title by which the patent from the federal government reserves right of way for ditches or canals constructed by authority of the government. The vendee in that case had no know'edge or notice of the source of vendor's title. The principle of law announced is not applicable to the fa·· in the instant case in which the contract describes the premises "as Homestead Entry No. 473, containing 68.92 acres of land, and more particularly described by metes and bounds in the Patent from the United States government covering said Homestead Entry Survey, and recorded in the office of Register of Deeds of Custer County, South Dakota." We think that defendant purchasing this land is presumed to have known of the law and to have purchased with knowledge thereof. It may be true that the restrictions diminish the value of the premises for certain purposes, but having presumably purchased with knowledge of the restrictions and the same having become part of the contract of sale defendant cannot now assert the contrary.

The judgment appealed from is affirmed.

RUDOLPH, P. J., and POLLEY and SMITH, JJ., concur.

WARREN, J., concurs in result.