In re AIR VERMONT, INC. and North Atlantic Airlines, Inc., Debtors.

AIR VERMONT, INC. and North Atlantic Airlines, Inc., Plaintiffs,

v.

Ralph CUTILLO, Defendant.

Bankruptcy Nos. 84–00017, 84–00019. Adv. Nos. 84–0044, 84–0046.

United States Bankruptcy Court, D.Vermont.

March 8, 1985.

(5) a motion by Air Vermont to assume an executory contract in connection with 3529A. No longer pending is Air Vermont's motion to reject an executory contract concerning 3529A. *See, In re Air Vermont,* 40 B.R. 61 (Bankr.D.Vt.1984).

Currently before the court are Cutillo's motions for section 1110 relief and for summary judgment, and Air Vermont's motion for summary judgment. The matter came on regularly for a hearing. The testimony and records in the case establish the facts which follow. The findings of fact summarize the record as to 104AQ, 2456D and 3529A.

## FACTS

The debtor filed for relief under chapter 11 of the Code in January 1984.

In May 1983 Air Vermont bought 3529A from Cutillo for $170,000 under a conditional sales contract, evidenced in part by a $170,000 promissory note, that has never been filed with the Federal Aviation Administration ("F.A.A.") for recordation. Air Vermont has made no payment on the promissory note since the commencement of this case. Postpetition, in February 1984, Air Vermont voluntarily relinquished possession of the aircraft to Cutillo in contemplation of a sale of the aircraft by Cutillo to a third party for the purpose of minimizing Air Vermont's deficiency exposure under the promissory note. Shortly after taking possession Cutillo sold the aircraft for $125,000 in an arms-length transaction. At the time Air Vermont abandoned the aircraft, the outstanding balance on the promissory note exceeded $164,000 with a $57 per diem. Since 1979 Cutillo has been the owner of F.A.A. record of 3529A.

In November 1981 Air Vermont bought 104AQ from Cutillo for $165,000 evidenced in part by a $155,000 promissory note, under a conditional sales contract that was subsequently filed for recordation with the F.A.A. in September 1982. The contract was in fact recorded postpetition by the F.A.A. Air Vermont has made no payment on the promissory note since bankruptcy day. Postpetition, in February 1984, Air

John P. Cain, Burlington, Vt., for Ralph Cutillo.

Joseph C. Palmisano, Barre, Vt., for debtors.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

A battery of motions have been filed with respect to certain aircraft that were property of the estate at the commencement of this case. The debtor, Air Vermont, Inc. ("Air Vermont") has filed complaints to determine the validity of liens and for turnover of property in connection with three aircraft, referred to herein as "104AQ," "2456D," and "3529A." Also pending in the case are (1) Air Vermont's motion to find the defendant, Ralph Cutillo ("Cutillo") in contempt of court and a show cause order in connection with the contempt motion; (2) motions by Cutillo for relief under Bankruptcy Code ("Code") section 1110 with respect to 104AQ and 2456D; (3) Cutillo's motion for summary judgment on Air Vermont's turnover and lien complaints; (4) motions by Air Vermont, Inc. to avoid a lien under Code section 544, to avoid a preferential transfer under Code section 547, and for summary judgment thereon, all with reference to 3529A; and

Vermont voluntarily relinquished possession of the aircraft to Cutillo for the reason that Air Vermont believed that the aircraft had no value to the estate, it appearing that the fair market value of the aircraft was less than the sum owed under the promissory note. At the time Air Vermont abandoned the aircraft, the outstanding balance on the promissory note exceeded $107,000 with a $44 per diem.

In October 1981 Air Vermont bought 2459D from Cutillo for $9,000 evidenced in part by an $8,500 promissory note under a conditional sales contract that was subsequently filed for recordation in December 1981. The contract was in fact recorded postpetition by the F.A.A. Postpetition, Air Vermont defaulted under the promissory note. Cutillo sent a notice of default to Air Vermont in accordance with contractual terms, and Air Vermont received the same. Subsequently, Cutillo repossessed the aircraft in accordance with contractual terms. At the time of repossession, the outstanding balance on the promissory note was in excess of $2,000 and now exceeds $3,000. The default has never been cured.

Air Vermont never petitioned the court for an order approving abandonment of 104AQ or 3529A. Also, Air Vermont never made an arrangement with Cutillo for an extension of time to cure arrearages as to 2459D.

The delay between the date of the filing for recordation of the 104AQ and 2459D contracts and the date of recordation of those contracts is accounted for by the fact that the F.A.A. chose not to record the contracts until certain related power of attorney documents were filed for recordation. When the contracts were filed for recordation, the F.A.A. Conveyances Administrator filed but did not record the contracts; additionally, in connection with each contract, the Conveyances Administrator filed an F.A.A. form directing Cutillo to submit the relevant power of attorney authorizations.

## DISCUSSION

The substance of the various complaints and motions in this consolidated adversary proceeding overlap. For example, if Cutillo is entitled to a judgment as a matter of law on the issue of rightful possession of any of the three aircraft, then as to that aircraft Air Vermont's complaints for turnover and to determine the validity of liens would be moot, as would the related contempt motion. Similarily, if Cutillo has a right in 2459D that is superior to the right of Air Vermont in that aircraft, or if the 2459D conditional sales contract is not an executory contract within the purview of Code section 365(a), then Air Vermont's motion to assume executory contract does not survive. For the reasons which follow, Cutillo is entitled to prevail on motion for summary judgment with respect to aircraft 104AQ, 2459D and 3529A.

## AIRCRAFT 2459D

All complaints and all motions put on by Air Vermont as to 2459D must be dismissed, with the exception of the motion to assume executory contract, which must be denied.

It is not disputed that the 2459D conditional sales contract was a transaction intended to have effect as security. As, prepetition, the contract was filed for recordation, Cutillo is the holder of a perfected purchase money equipment security interest in the aircraft. Perfection of the interest occurred as of the time Cutillo filed the contract for recordation with the F.A.A. *See, e.g., Matter of Disney, Inc.,* 24 B.R. 155, 157, 158, (Bankr.D.Idaho 1982). In that the interest was perfected prepetition, Code section 544 does not empower Air Vermont to avoid Cutillo's interest. In that perfection took place before the preference period of Code section 547, the perfection does not constitute an avoidable preference. In that the default under the promissory note was not cured within the period for cure of Code section 1110, (in fact no tender of cure has ever been made), Cutillo as the holder of a perfected purchase money equipment security interest in a civil aircraft is entitled to possess 2459D free of the automatic stay of Code section

362(a). *See* House Report No. 595, 95th Cong. 1st Sess. 405 (1977); Senate Report No. 989, 95th Cong., 2d Sess. 116 (1978) U.S. Code Cong. & Admin.News 1978 p. 5787; *In re Air Vermont,* 44 Bankr. 433 (Bankr.D.Vt.1984); *In re Air Vermont,* 45 B.R. 926 (Bankr.D.Vt.1984) *see generally In re Air Vermont, Inc.,* 45 B.R. 931 (Bankr.D.Vt.1985); *In re Air Vermont, Inc.,* 41 B.R. 486, 492 (Bankr.D.Vt.) *aff'd,* Civil No. 84–209 (D.Vt.1984).

 In that Cutillo's right to 2459D is not now stayed, a Code section 362(a) violation, if one occurred upon repossession of the aircraft by Cutillo, would be a technical violation only, for which the sanction of contempt is inappropriate. *See In re Bray Enterprises, Inc.,* 38 B.R. 75, 79 (Bankr.D. Vt.1984); *In re Harlow,* 12 Bankr. 1 (Bankr.D.Vt.1981); *In re Porter,* 25 B.R. 425 (Bankr.D.Vt.1982).

 The "executory contract" Air Vermont seeks to assume under Code section 365(a) is the conditional sales contract under which Air Vermont obtained an interest in the aircraft. The legislative history of section 365(a) states,

> [t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is repayment. Performance on one side of the contract would have been completed and the contract is no longer executory.

House Report No. 595, 95th Cong., 1st Sess. 347 (1977); Senate Report No. 989, 95th Cong.2d Sess. 58 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5844, 6303. Once Cutillo had delivered the aircraft, his only executory duty was to deliver title after Air Vermont completed paydown on the promissory note. Paydown on a note is not an executory contract within the purview of Code section 365(a). *In re Braley,* 39 B.R. 133 (Bankr.D.Vt.1984). Executory contracts subject to rejection by the chapter 11 debtor are understood to be contracts under which "the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *See* Countryman, *Executory Contracts in Bankruptcy* Part 1, 57 Minn.L.Rev. 439, 460 (1973); see also *id.* Part 2, 58 Minn.L. Rev. 479 (1974). Where the obligee's unexecuted performance is the transfer of title upon receipt of payment in full, such transfer, if withheld by the obligee, may be effectuated by the court. Thus, a recalcitrant obligee under an installment sales contract may not avoid the legal effect of full performance by the obligor, and the contract is therefore not an executory contract subject to rejection once the obligee puts the obligor in possession of the collateral. The uniform judicial conclusion is that installment sales contracts under which the seller's only remaining obligation is to transfer title are not executory contracts which can be assumed by the debtor. *See, e.g., In re Rojas,* 10 Bankr. 353, 355 (Bankr.App. 9th Cir.1981); *In re Shada Truck Leasing, Inc.,* 31 B.R. 97, 8 C.B.C.2d 1107 (Bankr.D.Neb.1983). The result is that Air Vermont may not assume the instant agreement as an executory contract. It is of no import here that on May 2, 1984 the court considered the cause of Air Vermont for abandonment of 104AQ and 3529A under the executory contract terminology advanced by Air Vermont. *See In re Air Vermont supra.* The concern of the court in May was to counsel caution on the part of a debtor engaged in severing assets from the estate at the outset of the reorganization proceeding where directly or indirectly the value of such assets might properly inure to the benefit of unsecured creditors including employees in the event of a successful reorganization or in the event that a defect inhered in Cutillo's secured status. To that end, the court in May made its determination on the facts then of record; today the court makes its determination on the rule of section 365(a). The motion to assume executory contract must be denied.

**544**

## AIRCRAFT 104AQ

All complaints and all motions put on by Air Vermont as to 104AQ must be dismissed.

■ As the holder, under a conditional sales contract intended to have effect as security, of a purchase money equipment security interest perfected prepetition and before the preference period, Cutillo is entitled to a judgment as a matter of law on issues arising under Code sections 544 and 547. Moreover, Cutillo is entitled on the facts to relief under Code section 1110 for the reason that Air Vermont tendered no cure of default within the section 1110 period for cure. Even if Cutillo assumed possession of the aircraft at a time when, abandonment by Air Vermont hypothetically absent, the automatic stay of Code § 362(a) would have been in effect, the sanction of contempt is not appropriate in that Cutillo took possession pursuant to an affirmative act of abandonment of the aircraft by Air Vermont. Simultaneously with the abandonment of 104AQ, Air Vermont lost whatever rights it previously may have had under the contract and related documents. *See In re Booth*, 43 B.R. 197, 200 (Bankr.D.Vt.1984).

## AIRCRAFT 3529A

All complaints and all motions put on by Air Vermont as to 3529A must be dismissed.

As owner of record since 1979, Cutillo is entitled to summary judgment on issues arising under Code sections 544 and 547. In that Air Vermont voluntarily abandoned the aircraft, no sanction of contempt is appropriate. Abandonment by Air Vermont of 3529A hypothetically absent, Cutillo as owner is nevertheless entitled to relief under section 1110.

## CONCLUSION

■ Air Vermont's rights in 2459D ended upon the expiration of the period for cure under section 1110. Air Vermont's rights in 104AQ and 3529A ended when Cutillo took possession pursuant to Air Vermont's abandonment of the aircraft. *See In re Booth supra.* Abandonment hypothetically absent, Cutillo is entitled to relief under section 1110. In view of the circumstances complained of, the sanction of contempt is not appropriate. As a final matter, the facts developed on motion to reject executory contract, *see In re Air Vermont supra*, 40 B.R. 61, are not *res judicata* as to Cutillo for the reason that Cutillo was not joined as a party under that motion. That Cutillo appeared as a party in interest concerning that motion does not foreclose Cutillo from developing his proof in connection with the complaints and motions which constitute this adversary proceeding. Facts and mixed questions of law and fact appearing in the discussion today are incorporated into the statement of facts. Judgment is to be entered accordingly.