In re AIR VERMONT, INC., and North Atlantic Airlines, Inc., Debtors.

AIR VERMONT, INC., and North Atlantic Airlines, Inc., Plaintiffs,

v.

Ralph CUTILLO, Defendant.

Bankruptcy Nos. 84–17, 84–19.
Adv. Nos. 84–0044, 84–0046.

United States Bankruptcy Court,
D. Vermont.

April 22, 1985.

## MEMORANDUM OPINION

CHÁRLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the motion of Air Vermont, Inc., ("Air Vermont") to amend this court's judgment of March 8, 1985. Air Vermont asserts that the court erred in awarding possession of an aircraft ("3529A") to Cutillo on March 8. Air Vermont rests the instant motion on two grounds: (1) that with respect to 3529A "no Motion on the part of Ralph Cutillo ("Cutillo") had been filed," and (2) in the event the matter was properly before the court on March 8, Cutillo as an unsecured creditor with respect to 3529A held a right of possession inferior to the right of Air Vermont as a hypothetical lien creditor.

The records in the case establish the facts which follow.

## FACTS

Air Vermont bought 3529A from Cutillo under an installment sale contract that was executory on bankruptcy day. As of the commencement of this case, the *per diem* on Air Vermont's installment note to Cutillo was $57. At all relevant times 3529A was subject to a perfected purchase money equipment security interest in favor of a third party, South Shore Bank of Quincy, Massachusetts ("South Shore"). Cutillo, however, never perfected his own security interest.

In early February 1984, Air Vermont voluntarily surrendered 3529A to Cutillo for the reason that the aircraft was of no use to the debtor. *In re Air Vermont,* 40 B.R. 61, 65 (Bankr.D.Vt.1984). When Air Vermont relinquished possession of 3529A, its fair market value, according to Air Vermont's president, was "equal or approximately the same as the indebtedness owed" by Air Vermont to Cutillo. *Id.* at 63. Air Vermont in effect abandoned 3529A to avoid potential deficiency exposure under its note to Cutillo. *In re Air Vermont,* 47 B.R. 540, 541 (1985). Shortly after taking possession, Cutillo sold 3529A for less than the outstanding Air Vermont-Cutillo contract indebtedness, and also for less than Cutillo's outstanding obligation to his financier, South Shore. The correspondence in the case and the representations of counsel at hearing indicate that Cutillo paid off the deficiency to South Shore in order to obtain a release.

## DISCUSSION

Air Vermont contends that it was inappropriate for the court to award possession of 3529A to Cutillo, in that "on March 8, 1985, the Bankruptcy Court for the District of Vermont granted summary judgment in favor of Ralph Cutillo as to aircraft 3529A when no motion on the part of Ralph Cutillo had been filed." However, Air Vermont had filed for summary judgment on the issue of possessory rights to 3529A, and the court may grant judgment against a party moving for summary judgment and in favor of a party opposing such

motion even where the latter has not moved for summary judgment. *See, e.g., Proctor and Gamble Independent Union v. Proctor and Gamble Mfg. Co.*, 312 F.2d 181 (2d Cir.1962) *cert. denied,* 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053; *International Longshoremen's Association v. Seatrain Lines, Inc.*, 326 F.2d 916 (2d Cir. 1964). Moreover, Cutillo did file motions for summary judgment with respect to possessory rights in 3529A, and hearings were held on Cutillo's motions. The wording of Cutillo's motions for summary judgment embraces all the aircraft at issue on March 8, not just aircraft other than 3529A. The court declines to adopt the reasoning of Air Vermont, *see* Air Vermont's Memorandum, January 21, 1985, at 1, 3, that Cutillo's motions for summary judgment were motions for partial summary judgment only on the basis that Cutillo's accompanying memoranda of law, while addressing aircraft other than 3529A, did not specifically address 3529A. Also, the Court is aware that at the relevant hearings Cutillo's counsel queried whether the matter of 3529A was ripe for decision in view of an appeal pending in another case concerning a ground for relief advanced by Cutillo in this case. However, the trial court need not await an appellate decision in order to take other and further matters under advisement. Moreover, this court rested its decision of March 8 on a ground other than the issue under appellate review. Thus, the outcome of the unrelated appeal was not ingredient to the determination of whether Cutillo or Air Vermont had the superior right to 3529A. In sum, there is no merit to Air Vermont's suggestion that Cutillo's right to possess 3529A was not at issue on March 8, 1985.

■ There is no merit to Air Vermont's assertion that the court erred in awarding possession of 3529A to Cutillo. As previously noted, Air Vermont voluntarily surrendered possession of the aircraft to Cutillo with the intention, at the time of relinquishment, of retaining no claim to 3529A or to any proceeds of sale. Under the circumstances, Air Vermont's act of relinquishment constituted an abandonment of the aircraft. *In re Air Vermont*, 47 B.R. 540, 541, 544 (1985). Air Vermont would have the court construe Air Vermont's failure to seek court approval of its affirmative act of abandonment, as fault on the part of Cutillo; thus Air Vermont moved for a contempt judgment against Cutillo. However, Cutillo met and conferred in good faith with Air Vermont and retook the aircraft by agreement of the parties. By the agreement Air Vermont sought to avoid deficiency liability. For this reason Air Vermont truncated its rights in the aircraft and put Cutillo in possession. The soundness of Air Vermont's decision to abandon has been born out by subsequent facts: in an arms length sale of 3529A at market, Cutillo was able to realize by the sale, neither the outstanding balance owed to him by Air Vermont, nor even the outstanding balance he owed to South Shore. Nevertheless, the court would observe, as Air Vermont's attorney has correctly pointed out, that the memorandum opinion of March 8, 1985 does contain certain language which amounts to error, albeit harmless error. For the reason that creditor protection under Code section 1110 is available only to secured creditors, *see In re Air Vermont*, 39 B.R. 875, 878 (Bankr.D.Vt.1984), it was harmless error for the court to indicate that Cutillo, an unsecured creditor, could obtain relief under section 1110, "abandonment by Air Vermont of 3529A hypothetically absent." *In re Air Vermont*, 47 B.R. 540, 544 (1985).

## CONCLUSION

The court construes Air Vermont's voluntary relinquishment of possession with a present intention to retain no rights in the aircraft as an unequivical abandonment of the property and of any interest Air Vermont may have had in the property. This conclusion is buttressed by the reorganization plan of record in this case, a plan of liquidation under chapter 11. Although the plan was filed after the abandonment of 3529A, the abandonment of an asset which

had little probability of yielding funds in excess of the amount needed to destroy the perfected lien of South Shore, and Air Vermont's termination of operations and filing of a liquidation plan, are consistent events which support the proposition that the debtor intended to renounce any interest it may have had in 3529A. In fact, by the abandonment, the debtor did in fact terminate all its rights in 3529A. Having no present right in the 3529A or in any proceeds thereof, Air Vermont may not now dispossess Cutillo of the proceeds of Cutillo's sale of 3529A.

Even were Air Vermont entitled to the sale proceeds, it would not be entitled to those proceeds free and clear of the erstwhile existing lien of South Shore. The point is that were Air Vermont entitled to recover the property it abandoned, it could recover that property as it existed at the time of abandonment, that is, subject to a perfected lien of a value in excess of the fair market value of the abandoned property. By the instant action, could Air Vermont succeed, it could in equity obtain for the estate only a burden represented by the amount of the deficiency Cutillo paid South Shore.

Judgment to be entered accordingly.