**In re Earle W. HOWARD and Marilyn J. Howard, Debtors.**

**Bankruptcy No. 89–20176–DPM.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

Nov. 30, 1989.

---

Robert M. Clayton, II, Hannibal, Mo., for debtors.

Clifford H. Ahrens, Hannibal, Mo., for Farm CreditBank.

Fredrich J. Cruse, Hannibal, Mo., Trustee.

Kenneth E. Niemeyer, Kirksville, Mo., Farm Credit Services.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (0), which the Court may hear and determine.

### INTRODUCTION

On August 2, 1989, Debtors filed their Motion For Rejection Of Executory Contract And Objection To Secured Claim. On August 7, 1989, Farm Credit Bank of St. Louis ("FCB") filed its Opposition To Debtors' Motion And Suggestions in response. A pre-trial hearing was held on September 12, 1989 in Hannibal, Missouri. The parties submitted the matter to the Court on the moving papers and the stipulation of facts. The Court, upon review of the same, now makes the following findings of facts and conclusions of law set forth below and this date denies Debtors' Motion.

### FINDINGS OF FACT

1. Debtors Earle Wayne Howard and Marilyn Howard, husband and wife, are the owner in fee simple of land and improvements thereon located in Clark County, Missouri.

2. Debtors and FCB entered into an Agreement on March 31, 1989.

3. In that agreement, FCB agreed not to foreclose on a Deed of Trust executed by Debtors on April 11, 1978 securing a promissory note of even date.

4. In consideration for FCB's pledge to forbear, Debtors agreed to certain modifications of the terms and conditions of the promissory note. Debtors promised, among other things, to cure the events of default under the note, make certain insurance policies for the benefit of FCB and, in addition, agreed to grant FCB a first security interest in Conservation Reserve Program Contract Number 223 dated July 30, 1987 ("CRP Contract"). On March 31, 1989, Debtors executed an Assignment which transferred their right, title and interest in the CRP Contract to FCB as security under the Agreement.

5. Debtors filed their voluntary petition for relief under Chapter 12 of the Bankruptcy Code on June 27, 1989.

384

6. On August 2, 1989, the date of Debtors' motion, Debtors owed FCB $146,296.44 secured by collateral of $148,000.00.

7. Other than Debtors' obligation to make payments, no duties owing to either party remain unperformed.

8. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

CONCLUSIONS OF LAW

1. Debtors argue that their Agreement with FCB is executory in nature and, therefore, may be either assumed or rejected by them. FCB opposes Debtors' motion by arguing that the contract is not "executory" in nature, and, therefore, cannot be rejected by them. The Court agrees with FCB.

2. The most frequently cited definition of an executory contract is found in Professor Countryman's article, *Executory Contracts In Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973). For bankruptcy purposes, he defines an executory contract as one "under which the obligations of both the bankrupt and the other party are so far unperformed that failure of either to complete performance would constitute a material breach excusing the performance of the other." Professor Countryman's definition was adopted by the Eighth Circuit in *In re Knutson*, 563 F.2d 916, 917 (8th Cir.1977) and continues to be applied by the Eighth Circuit. *See, e.g., In re Speck*, 798 F.2d 279 (8th Cir.1986); *Brown v. First Nat. Bank In Lenox*, 844 F.2d 580, 581 (8th Cir.1988). This Court, therefore, will continue to employ the Countryman definition in its analysis of executory contract issues. *In re Wisconsin Barge Line, Inc.*, 76 B.R. 695 (Bankr.E.D.Mo.1987).

3. The transaction at issue in the case at bar is strikingly similar to the contract that was before the Bankruptcy Court in *In re Braley*, 39 B.R. 133 (Bankr.D.Vt. 1984). There, Debtors sought to reject the assignment of periodic milk check proceeds to the Farmers Home Administration ("FmHA") claiming that the assignment was part of an executory contract subject to rejection under Code Section 365. Judge Marro found that the loan contracts under-lying the indebtedness were not executory, because the FmHA fully performed by making the loans. *Id.* at 135. In addition, the court found that the Braley's duty to pay off the loan was the only performance that remained outstanding. Therefore, Judge Marro held that the assignment may not be rejected because it was not executory in nature. *Id.* (citing H.R. No. 95–595, 95th Cong., 1st Sess. 347 (1977); S.R. No. 95–989, 95th Cong., 2nd Sess. 58 (1978); U.S.Code Cong. & Admin.News 1978, p. 5787). *See also, Gibbs v. Housing Authority of City of New Haven*, 76 B.R. 257, 262 (D.Conn.1983) (forbearance fully discharged obligation of Authority, contract governing repayment was not executory).

4. This Court follows the analysis enunciated previously in *Wisconsin Barge* and agrees with the approach taken in *Braley*, finding that the contract between Debtors and FCB is not executory in nature because the only performance remaining under the contract is Debtors obligation to make payments. The Court holds, therefore, that the contract may not be rejected by Debtors.

5. Debtors' Motion will be DENIED.

6. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.

An Order consistent with this Memorandum Opinion will be entered this date.