David W. LANGENES and Frances Langenes, Plaintiffs and Appellees,

v.

Michael BULLINGER and Peggy Bullinger, Defendants and Appellants.

Civ. No. 10193.

Supreme Court of North Dakota.

Dec. 17, 1982.

SAND, Justice.

The defendants, Michael Bullinger and Peggy Bullinger (Bullingers), appealed from a district court judgment dated 22 March 1982 in favor of the plaintiffs, David W. Langenes and Frances Langenes (Langeneses) in the total amount of $21,591.44, plus court costs and interest, with the condition that if the Bullingers did not pay the money on or before 31 March 1982 the Langeneses could elect one of several remedies outlined in the judgment.

On 27 June 1979 the Langeneses and the Bullingers executed a contract for deed in which the Langeneses agreed to sell and the Bullingers agreed to purchase a four-plex apartment building in Fargo, North Dakota. The agreed purchase price was $88,-900.00 to be paid in the following manner: $10,000.00 down payment, $10,000.00 due on 1 July 1980 which was to be applied to interest at the rate of 9½% per annum with any excess applied to the principal balance, and $667.46 in monthly payments beginning on 1 August 1980 and extending to 1 July 1984, when the entire unpaid balance became due.

The $10,000.00 down payment was made at the time of closing and an additional interest payment of $3,750.00 was made on 31 December 1979. The Bullingers did not pay the balance of the $10,000.00 due on 1 July 1980 or any of the agreed-upon monthly payments of $667.46. The Bullingers received and retained the rents in excess of $22,000.00 from the four-plex apartment building from 1 July 1979 through April 1982.[1]

As a result, the Langeneses commenced an action in September 1980 against the Bullingers for the balance due on the contract for deed plus interest, and in the event the Bullingers did not pay the balance due, then the Langeneses sought a judgment terminating the contract for deed and the possession of the Bullingers. Alter-

Solberg, Stewart, Boulger & Miller, Fargo, for plaintiffs and appellees; argued by John V. Boulger, Fargo.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for defendants and appellants; argued by John Michael Nilles, Fargo.

---

1. The contract for deed did not contain a provision setting out who was entitled to the rents in the event of default.

natively, the Langeneses sought to obtain possession of the property and reserved their right to obtain a deficiency judgment against the Bullingers.[2] The Langeneses also sought to receive all income and rents from the property.

The Bullingers answered and admitted the nonpayment of installments under the contract for deed but denied they were in default. The Bullingers also counterclaimed to rescind the contract for deed because of fraud and misrepresentation.

A bench trial was held on 23 November 1981 and on 23 February 1982 the court entered findings of fact, conclusions of law and order for judgment which were supplemented on 19 March 1982. The trial court found no fraud or misrepresentation upon which the contract for deed could be rescinded by the Bullingers. The district court made the following conclusions of law which the Bullingers objected to:

"7. Pursuant to 32–19–06, NDCC, this Court can only render judgment for the amount found to be due at the time of the rendition of said judgment plus the costs of the action. This Court has the power to cancel the Contract for Deed upon failure to pay the delinquent amounts and the Court has the power to establish the period of such redemption. See 32 N.Dak. Law Review 5 (1956), Cancellation of Land Contracts by James E. Leahy.

. . . . .

"9. Plaintiffs, David W. Langenes and Frances Langenes shall have judgment against defendants, Michael Bullinger

---

**2.** The complaint provided in relevant part as follows:

"WHEREFORE, plaintiffs pray for judgment against defendants and each of them individually, as follows:

"1. That it be adjudged and determined that the Contract for Deed attached hereto as Exhibit 'A' is in default and that the Court determine that there is due and owing plaintiffs upon said Contract for Deed the sum of Seventy-eight Thousand Nine Hundred and no/100 Dollars ($78,900.00) together with interest thereon at the rate of 9½ percent per annum from and after July 1, 1979, and that the same is to be paid by defendants to plaintiffs.

and Peggy Bullinger, for the total of the following amounts:

a. $18,889.92, which is the amount of delinquent payments of principal through November 1, 1981, and interest through March 1, 1982. (Plaintiff's Exhibit 16).

b. $667.46 for the December 1, 1981, payment, plus interest thereon at the rate of $5.28 per month for December, 1981; January and February of 1982, for a total of $15.84.

c. $667.46 for the January 1, 1982, payment, plus interest thereon for two months, totalling $10.56.

d. $667.46 for the February 1, 1982, payment, plus interest thereon for one month of $5.28.

e. $667.46 for the March 1, 1982, payment.

"That such total is $21,591.44, which covers interest and principal as of March 1, 1982, and shall bear interest from and after that date.

"As an explanation of the nature of the judgment, it is the intention of this Court that the sum of $21,591.44 is a money judgment. If the Defendants pay said amount before March 31, 1982, the judgment in that amount is satisfied and the Contract for Deed is still effective. If there is a cancellation of the land contract as provided herein, *the money judgment is not extinguished.*

"10. That if the Defendants do not pay to the Plaintiffs said sum of money on or before March 31, 1982, the Plaintiffs may elect in their sole discretion any one of the following remedies *in addition to the above money judgment:*

"2. That in the event defendants do not make payment as prayed for herein, that plaintiffs have and obtain a judgment declaring said Contract for Deed and possession of the defendants terminated.

"3. That in the alternative plaintiffs obtain possession of the subject property and have a deficiency judgment against defendants for the amount by which the amount due on said Contract for Deed, together with costs and disbursements, exceeds the fair value of the subject property.

"4. That plaintiffs receive all income and rents from the subject property."

a. the said Contract for Deed shall be in all ways cancelled and the Plaintiffs shall be sole owners of the property free and clear of all claims of Defendants and shall have immediate possession as of April 1, 1982 plus all rents and profits therefor effective April 1, 1982, or

b. the Contract for Deed may be foreclosed pursuant to 32-19-06 NDCC with a public sale, redemption as provided in said statute and with rights of deficiency judgment only as provided by said statute." [Emphasis added.][3]

Judgment was entered on 22 March 1982 and the Bullingers appealed.

The primary issue raised by the Bullingers concerns the remedies available to a vendor under a contract for deed upon default by the vendee.

The Bullingers contended that the trial court erred in entering a personal money judgment in the same action in which it cancelled the contract for deed. The Bullingers contended that the relief granted by the trial court went beyond that prayed for in the complaint and contravened the well-established principles of law enunciated by this Court, citing *Vail v. Evesmith,* 62 N.D. 99, 241 N.W. 719 (1932), that a person may not at the same time obtain both a money judgment for the unpaid purchase price and cancel the contract.

The Langeneses contended that the award of a money judgment equal to the unpaid installments plus interest due under the contract for deed was within the equitable powers of the court because "The Defendants [Bullingers] should not be allowed to pay a small amount of down payment and keep the rents and profits for approximately three years at a considerable profit to the Defendants at the expense of the Plaintiffs." [4] The Langeneses also pointed out that although the trial court's judgment did grant them a judgment, the trial court did not cancel the contract for deed, but,

rather, the court provided in its judgment that if the Bullingers did not pay the sum due on or before 31 March 1982, the Langeneses could, at that time, elect to have the contract cancelled or to foreclose on the contract.

The trial court's judgment provided, in relevant part, as follows:

"That such total is $21,591.44, which covers interest and principal as of March 1, 1982, and shall bear interest from and after that date.

"2. That if the defendants do not pay to the plaintiffs said sum of money on or before March 31, 1982, the plaintiffs may elect in their sole discretion any one of the following remedies *in addition to the above money judgment.*

a. The said Contract for Deed shall be in all ways cancelled and the Plaintiffs shall be the sole owners of the property free and clear of all claims of Defendants and shall have immediate possession as of April 1, 1982, plus all rents and profits therefor effective April 1, 1982, or

b. The Contract for Deed may be foreclosed pursuant to 32-19-06 NDCC with a public sale, redemption as provided in said statute and with rights of deficiency judgment only as provided by said statute." [Emphasis added.]

The net effect of the judgment of 22 March 1982 was to award a money judgment to the Langeneses and if that money judgment was not satisfied on or before 31 March 1982, then the contract for deed was, without more, cancelled or the Langeneses could proceed to foreclose the contract for deed pursuant to NDCC § 32-19-06. In either event the money judgment was not extinguished.

The remedies available to a vendor upon the default by the vendee under a contract for deed have been described by this Court in *Vail v. Evesmith, supra* 241 N.W. at 721, as follows:

---

3. Conclusion of law No. 9, as quoted earlier above, was part of the 19 March 1982 supplement to the conclusions of law.

4. Langeneses cited the trial court's supplemental findings of fact, conclusions of law and order for judgment.

"He cannot both cancel the contract and recover the purchase price. *Roney v. Halvorsen Co.,* 29 N.D. 13, 149 N.W. 688; *Security State Bank v. Krach,* 36 N.D. 115, 161 N.W. 568. Upon defendants making default, the plaintiff had a choice of remedies. He might have canceled the contract by a statutory proceeding (Comp.Laws 1913, § 8119 et seq.); he might have maintained an action to cancel the contract (*Raad v. Grant,* 43 N.D. 546, 169 N.W. 588; *Ryan v. Bremseth,* 48 N.D. 710, 186 N.W. 818); or he might have foreclosed the contract by action and obtained a judgment against the defendants for the amount due upon the purchase price, and had the bonds held as collateral and the defendants' interest in the land sold at judicial sale and the proceeds applied upon the judgment."

See also, *Zent v. Zent,* 281 N.W.2d 41 (N.D. 1979); *Rohrich v. Kaplan,* 248 N.W.2d 801 (N.D.1976); see generally, J. Leahy, Cancellation of Land Contracts, 32 N.D.L.Rev. 5 (1956).

In this instance the action was not brought pursuant to NDCC Ch. 32–18 [cancellation of land contracts] or NDCC Ch. 32–19 [foreclosure of real estate mortgages].[5] The remedy awarded by the trial court was a money judgment and, in addition, if the personal money judgment was not satisfied the contract for deed was, without more, canceled. This remedy was, in essence, specific performance of the contract for deed.

In *Jonmil, Inc. v. McMerty,* 265 N.W.2d 257 (N.D.1978), we noted that whether or not specific performance of a contract for deed is available to the seller is not without its problems and difficulties in North Dakota. We set forth the following example to illustrate the problems and difficulties:

"... let us assume the seller on a contract for deed seeks specific performance from the purchaser and the court grants it, but the purchaser is unable to pay the money. The seller, in the absence of a separate note, would have no recourse other than the cancellation of the contract for deed. If the seller were to seek a money judgment, §§ 32–19–06 and 32–19–07, NDCC, prohibiting deficiency judgments, would have to be considered." *Jonmil, Inc. v. McMerty,* 265 N.W.2d at 260.

North Dakota Century Code § 32–19–07 provides, in part, as follows:

"Except as otherwise provided in sections 32–19–04 and 32–19–06, neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of either, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06."

See, *First Bank of Cooperstown v. Ihringer,* 217 N.W.2d 857 (N.D.1974).

In *McKee v. Kinev,* 160 N.W.2d 97 (N.D. 1968), this Court held that a vendor was

---

5. North Dakota Century Code § 32–19–04 sets forth what the complaint shall state in an action for foreclosure of a real estate mortgage and provides as follows:

"In an action for the foreclosure or satisfaction of a mortgage, the complaint shall state whether any proceedings have been had at law or otherwise for the recovery of the debt secured by such mortgage, or any part thereof, and if there have been, whether any and what part thereof has been collected. The plaintiff shall also state in his complaint whether he will in a later and separate action demand judgment for any deficiency which may remain due to him after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage."

barred from maintaining an action for a personal money judgment under the statutes limiting deficiency judgments and suits on moneys owing secured by a land contract, except in connection with or subsequent to the cancellation or foreclosure of the land contract.

■ These authorities established that a vendor in an action to cancel a contract for deed cannot recover a personal money judgment and also cancel the contract for deed. In order to obtain a money judgment in an action to foreclose the contract for deed, the antideficiency judgment statutes must be considered.

Although the trial court stated that it was using its broad equity powers and was not granting a deficiency judgment, we believe the trial court erred in entering the personal money judgment in favor of the vendor because it would have enabled the vendor to indirectly obtain a remedy that he could not directly obtain.

■ Equity follows the letter and the spirit of the law and courts of equity are bound by and must follow and apply the principles of substantive law. *Gajewski v. Bratcher,* 221 N.W.2d 614 (N.D.1974) (on petition for rehearing). Furthermore, it is a common maxim that the law does not permit by indirection what cannot be accomplished directly. *Cf., Northern States Power Co. v. Hagen,* 314 N.W.2d 32, 38 (N.D.1981) [PSC could not indirectly assert jurisdiction over wholesale rates by investigating reasonableness of underlying costs in proceeding involving retail rates]; *State v. Skar,* 313 N.W.2d 746, 748 (N.D.1981) [appellate court could not broaden scope of review beyond that exercised by the court in which certiorari was sought because it would frustrate statutory purpose and permit counsel to accomplish by indirection what he could not accomplish directly]; *Paluck v. Board of County Commissioners, Stark County,* 307 N.W.2d 852, 857 (N.D. 1981) [statutes creating tax appeal board because they established a court which was not authorized by the North Dakota Constitution and to label the tax appeal board an administrative agency would permit to be done indirectly what could not be done directly]; *Atlas Ready-Mix of Minot, Inc. v. White Properties, Inc.,* 306 N.W.2d 212, 222 (N.D.1981) [agreement to purchase materials could not sanction indirectly what it did not sanction directly]; *State v. Morrissey,* 295 N.W.2d 307, 310 (N.D.1980) [appellate court cannot broaden scope of review beyond the exercise by the court in which certiorari was sought because it would frustrate the statutory purpose and permit counsel to accomplish by indirection what could not be accomplished directly]. In *Gajewski v. Bratcher, supra* at 642, we said that "equity must not accomplish by indirection what the law has prescribed must not be done directly."

■ In this instance we believe the award of the money judgment in addition to the other remedies provided by the judgment would permit the Langeneses to accomplish indirectly what they could not accomplish directly through an action pursuant to the cancellation statutes or foreclosure statutes.

Accordingly we reverse the judgment of the district court as to the money judgment and remand the case for proceedings not inconsistent with this opinion. In so doing we believe the Bullingers are entitled to redeem the contract for deed up to and including 15 January 1983, at 12:00 noon.

ERICKSTAD, C.J., and PAULSON, PEDERSON and VANDE WALLE, JJ., concur.