**Donald W. SPECK, Sr. and Joan L. Speck, d/b/a Farmer, SSN 503–44–1163 and SSN 504–44–9098, Defendants/Appellants,**

v.

**FIRST NATIONAL BANK OF SIOUX FALLS, Plaintiff/Appellee.**

No. CIV85–3055.

United States District Court, D. South Dakota, C.D.

Oct. 9, 1985.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for plaintiff/appellee.

Max A. Gors, Mark Smith, Gors, Braun, Carlon, Smith & Zastrow, Pierre, S.D., for defendants/appellants.

ORDER

DONALD J. PORTER, Chief Judge.

Debtors have appealed from an order of the bankruptcy court, dated July 3, 1985, 50 B.R. 307, which held that the debtors' contract for sale of land with First National Bank is an executory contract and must be assumed or rejected under § 365 of the Bankruptcy Code. 11 U.S.C. § 365 (1982). The parties agree that the question of whether a contract for deed is an executory contract or security agreement is governed by state law. *See Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Britton*, 43 B.R. 605 (Bankr.E.D.Mich.1984). An executory contract is one in which a failure to perform by either party would "constitute a material breach, excusing performance of the other." *In re Knutson*, 563 F.2d 916 (8th Cir.1977) *quoting* Countryman, *Executory Contracts in Bankruptcy: Part I* 57 Minn.L.Rev. 439, 460 (1973). In South Dakota, the right of the vendor to receive payment and the right of the vendee to take merchantable title upon completion of those payments are dependent covenants. *Walsh v. Bellamy*, 68 S.D. 291, 294, 2 N.W.2d 102, 103 (1942). Failure of either party to perform is a material breach ex-

cusing the other's performance under South Dakota law. Therefore, a contract for the sale of land is an executory contract.

For the reasons stated above, it is

ORDERED that the bankruptcy court's order of July 3, 1985, ruling that debtors' contract for sale of land is an executory contract, is in all respects AFFIRMED.