PER CURIAM.
On April 24, 1981, the then trustees of the Louis R. Beal Trust executed a contract for deed for the sale of South Dakota land to Donald W. Speck, Sr. and Joan L. Speck (Debtors). The First National Bank of Sioux Falls subsequently was named successor trustee of the Beal Trust.
On March 1, 1984, and again on March 1, 1985, Debtors defaulted in the required payments under the contract for deed. On March 24, 1984, Debtors filed a petition in bankruptcy court under 11 U.S.C. Chapter XI.
The Bank moved to compel the Debtors to accept or reject the contract. Although Debtors contended that the contract for deed was a financing device which should be treated as a secured debt in the plan of reorganization, the bankruptcy court[1] held that the contract for deed was an executory contract as defined in 11 U.S.C. § 365 and gave Debtors sixty days to accept or reject the contract. The district court[2] affirmed the bankruptcy court’s decision. Both courts referred to Professor Countryman’s article, Executory Contracts in Bankruptcy: Part I, 57 Minn.L.Rev. 439, 460 (1973), which defines an executory contract as “a contract under which the obligation of both the bankrupt and the other *280 party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.”[3]
The parties agree that the question of whether a contract for deed is an executory contract or a security agreement is governed by state law.
The district court, 62 B.R. 61, noted that under South Dakota law the right of the contract vendor to receive payment and the right of the vendee to take merchantable title upon completion of those payments are dependent covenants. Walsh v. Bellamy, 68 S.D. 291, 294, 2 N.W.2d 102, 103 (1942). The district court concluded that the failure of either party to perform is a material breach excusing the other's performance under South Dakota law and that a contract for the sale of real estate is thus an executory contract.
We have considered the cases cited by Debtors that hold that a contract for deed should be deemed a secured debt rather than as an executory contract within the meaning of 11 U.S.C. § 365. See In re Adolphsen, 38 B.R. 776 (Bankr.D.Minn. 1983); In re Flores, 32 B.R. 455 (Bankr.S. D.Tex.1983); Matter of Patch Graphics, 32 B.R. 373 (Bankr.W.D.Wis.1983); Matter of Cox, 28 B.R. 588 (Bankr.D.Idaho 1983); In re Booth, 19 B.R. 53 (Bankr.D.Utah 1982). We defer to the district court’s interpretation of South Dakota law, however, and we agree with its holding that the contract in question is an executory contract that must be accepted or rejected pursuant to 11 U.S.C. § 365.
Affirmed.

. The Honorable Peder K. Ecker, United States Bankruptcy Judge for the District of South Dakota.

. The Honorable Donald J. Porter, Chief District Judge for the District of South Dakota.

. This court adopted Professor Countryman’s definition in In Re Knutson, 563 F.2d 916, 917 (8th Cir.1977). See also Jenson v. Continental Financial Corp., 591 F.2d 477, 481 (8th Cir. 1979).