FRANK SEITZINGER FARMS, INC. OF IOWA, Plaintiff,

v.

Laddie WALLER, Jr. and Cecilia Waller, husband and wife, and First National Bank, Middle River, Minnesota.

Civ. No. 86–3034.

United States District Court, D. South Dakota, C.D.

Dec. 10, 1986.

James E. Carlon, Gors, Braun, Carlon, Smith & Zastrow, Pierre, S.D., for plaintiff.

Robert C. Riter, Jr., Riter, Mayer, Hofer & Riter, Pierre, S.D., for defendants.

## MEMORANDUM OPINION

DONALD J. PORTER, Chief Judge.

Frank Seitzinger Farms, Inc. of Iowa appeals from a judgment and order rendered by the bankruptcy court on April 23, 1986 in favor of Laddie Waller, Jr., Cecilia Waller and First National Bank, Middle River, Minnesota. The April 23, 1986 order determined that a contract for deed transferring 288 acres of Minnesota farmground from appellee-vendor to appellant-vendee was an executory contract as defined by 11 U.S.C. § 365. This court has jurisdiction of the appeal taken pursuant to Bankruptcy Rule 8001.

### I.

### BACKGROUND

On May 1, 1980, Frank Seitzinger Farms, Inc. of Iowa (Seitzinger) entered into a contract for deed with Laddie Waller, Jr. and Cecilia Waller (Wallers) for the purchase of 288 acres of Minnesota farmground for $158,400. The scheduled payments under this contract were modified in writing by the parties on July 2, 1980. On December 30, 1980, the Wallers granted an assignment of the contract for deed to First National Bank, Middle River, Minnesota (Bank) as security for an obligation owed to the bank.

Seitzinger subsequently defaulted on the contract for deed. In violation of the agreements, Seitzinger failed to pay the 1984 real estate taxes assessed against the Minnesota realty. Approximately $1,658.19 is owing. Seitzinger additionally failed to make its January 1, 1986 contract payment in the amount of $7,308.80, which represents the principal payment of $3,500 owing, as well as interest due.

On January 17, 1986, Seitzinger filed a Chapter 11 bankruptcy petition. The Wallers and the Bank, as creditors, filed a motion for relief from the automatic stay, and in the alternative, to require acceptance or rejection of an executory contract on March 28, 1986. Prior to a hearing on the motion, the bankruptcy court appointed Thomas Tveit, by an order dated March 31, 1986, as trustee in bankruptcy for the Seitzinger estate. Creditors' motion came on for hearing April 22, 1986. On April 23, 1986, the bankruptcy court ordered, in pertinent part, that the contract for deed between Seitzinger and the Wallers was an executory contract, as defined by 11 U.S.C. § 365, subject to rejection by the trustee.

Briefing was ordered on appeal by this court on July 30, 1986. On August 8, 1986, appellant Seitzinger was granted a filing extension to August 29, 1986. Appellant, however, did not file its brief until September 9, 1986, which the Bank and the Wallers objected to by letter on September 11, 1986.

Appellees filed a motion to dismiss this appeal on October 17, 1986. Two grounds were stated. First, the Bank and the Wallers cite appellant's late filing and second, they contend that appellant Seitzinger lacked authority to bring this appeal since Thomas Tveit was appointed trustee over the Seitzinger estate.

### II.

### ISSUES

There are three issues pending before this court.

1) Should this appeal be dismissed due to appellant's untimely filing of its brief?

2) Should this appeal be dismissed for lack of debtor authority to appeal?

3) Did the bankruptcy court err in determining that the contract for deed transferring Minnesota land is an executory contract as defined by 11 U.S.C. § 365?

## III.

## DISCUSSION

### A. Untimely Filing

■ Bankruptcy Rule 8001(a) provides that an untimely brief filing by the appellant does not affect the validity of the appeal, "but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Filing deadlines serve an important judicial function and tardiness shall not be taken lightly. Appellees' prejudice, however, is not of such a degree that this court should not reach the merits of this appeal. Appellees' motion to dismiss is denied.

### B. Debtor Authority to Appeal

■ Generally, when a trustee is appointed as a bankrupt estate's representative, "the trustee ... is the person authorized to pursue the rights of the bankrupt corporation." *Nagle v. Commercial Credit Business Loans, Inc.*, 102 F.R.D. 27, 30 (E.D.Pa.1983); *In Re Couch*, 43 B.R. 56, 59 (Bankr.E.D.Ark.1984); 11 U.S.C. §§ 323, 541 (1978). One right of a bankrupt debtor, which a trustee may act upon, is to appeal final orders of the bankruptcy court. Bankruptcy Rule 8001.

A trustee in bankruptcy, however, is not bound to pursue every right of the estate. *In Re Independent Clearing House Co.*, 41 B.R. 985, 992 n. 10 (Bankr.D.Utah 1984). "The trustee may, in his best judgment, ... abandon legal claims." *Id.* at 993 n. 10. If he or she decides not to pursue a right of the estate and abandons it, the bankrupt debtor may proceed if authorized by the bankruptcy court. *Dallas Cabana, Inc. v.*

*Hyatt Corporation*, 441 F.2d 865, 867, 868 (5th Cir.1971).

In the bankrupt estate of Frank Seitzinger Farms, Inc. of Iowa, Thomas Tveit was appointed trustee. Mr. Tveit is therefore the person authorized to pursue the debtor's appellate rights granted by order of this court, unless he abandoned that right in which case Seitzinger may proceed with the bankruptcy court's authorization.

It is the holding of this court that the trustee in bankruptcy abandoned his right to appeal the bankruptcy court's final order of April 23, 1986 determining the contract for deed to be an executory contract. Furthermore, the bankruptcy court authorized Seitzinger to proceed with the appeal. Appellees' motion to dismiss is accordingly denied.

On April 22, 1986, a hearing was held on appellees' motion to lift the automatic stay, or alternatively, to require acceptance or rejection of an executory contract. Without objection from the appellees, the trustee in open court, through his attorney, disclaimed any interest in the issue of whether a contract for deed involving Minnesota property is an executory contract in bankruptcy. The bankruptcy court and Mr. Tveit, through his attorney, agreed that Seitzinger was free to pursue the issue on appeal.

### C. The Contract for Deed

■ The Eighth Circuit recently recognized "that the question of whether a contract for deed is an executory contract or a security agreement is governed by state law." *In Re Speck*, 798 F.2d 279, 280 (8th Cir. July 31, 1986); *In Re Britton*, 43 B.R. 605, 606 (Bankr.E.D.Mich., 1984); *See In Re Cox*, 28 B.R. 588, 590 (Bankr.D.Idaho, 1983); *See also Butner v. United States*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136, 141–42 (1979); *In Re Madeline Nursing Homes*, 694 F.2d 433, 436–37 (6th Cir.1982).

South Dakota has adopted Professor Countryman's definition of an executory contract as "a contract under which the obligation of both the bankrupt and the

other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In Re Speck,* at 280; *Executory Contracts in Bankruptcy:* Part I, 57 Minn.L.Rev. 439, 460 (1973). A contract for deed, under South Dakota law, fits Professor Countryman's definition since "the right of the contract vendor to receive payment and the right of the vendee to take merchantable title upon completion of those payments are dependent covenants. *Walsh v. Bellamy,* 68 S.D. 291, 294, 2 N.W.2d 102, 103 (1942)." *In Re Speck* at 280. The contract for deed must therefore be accepted or rejected pursuant to 11 U.S.C. § 365. *Id.* at 280.

Minnesota, however, takes a contrary position. Professor Countryman's definition of an executory contract, under Minnesota law, is inapplicable to a contract for deed, particularly where the debtor is the vendee. *In Re Adolphsen,* 38 B.R. 776, 777–79 (Bankr.D.Minn.1983), *aff'd,* 38 B.R. 780 (D.Minn., 1983). Contracts for deed in Minnesota are treated as secured debts or financing arrangements since

> the contract for deed benefits the estate more when viewed as a lien than as an executory contract. First, by treating the contract for deed as a lien the value of the estate is enlarged. Second, it further[s] the rehabilitation of the debtor. Finally, it provide[s] adequate protection for all creditors.

*In Re Adolphsen,* 38 B.R. at 781. "To hold otherwise," in Minnesota, "would be inconsistent with the code's underlying policies of 'benefit to the estate' and 'rehabilitation.'" *Id.*

Appellees contend that the bankruptcy court was correct in applying South Dakota law to find the contract for deed to be an executory contract subject to rejection by trustee Tveit pursuant to 11 U.S.C. § 365. Appellants argue to the contrary, however, that Minnesota law should be applied.

It is well settled in South Dakota courts that where a conveyance of real estate is in issue, "the law of the sovereignty in which real property is situated governs as to transfers of such property." *Bowdle v. Jencks,* 18 S.D. 80, 99 N.W. 98, 100 (1904).

Minnesota law governs the conveyance in this case. The land in question is located in Kittson County, Minnesota. Moreover, the equitable and beneficial ownership of the property was transferred by the contract for deed. *Shuster v. Doane,* 784 F.2d 883, 884 (8th Cir.1986); *Nichols v. L. & O., Inc.,* 293 Minn. 17, 196 N.W.2d 465, 468 n. 7 (1972); *State v. City of Rochester,* 260 Minn. 151, 109 N.W.2d 44, 45 (1961); *Petition of S.R.A., Inc.,* 219 Minn. 493, 18 N.W.2d 442, 449–450 (1945), *aff'd,* 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946).

Accordingly, it is the holding of this court that the bankruptcy court erred in its determination that the contract for deed transferring 288 acres of Minnesota farmground to Seitzinger from the Wallers is an executory contract as defined by 11 U.S.C. § 365. To that extent, the bankruptcy court's order of April 23, 1986 is reversed.