**In re William L. FAIMAN, Debtor.**

**Bankruptcy No. 86–05664.**

United States Bankruptcy Court,
D. North Dakota.

Feb. 10, 1987.

Bob Wefald, Bismarck, N.D., for debtors.

James Rausch, Bismarck, N.D., for Herbert & Christine Czeczok.

**MEMORANDUM AND ORDER**

WILLIAM A. HILL, Bankruptcy Judge.

The issue before the court is whether, in North Dakota, a contract for deed for the purchase of real property is an executory contract pursuant to section 365 of the Bankruptcy Code. Herbert and Christine Czeczok (Czeczok) filed on November 10, 1986, a Motion For Relief From Stay concerning certain development property purchased on contract by the debtor, William L. Faiman (Debtor). The Debtor objected to the motion, alleging that the property is necessary to an effective reorganization. Subsequently, on December 31, 1986, the Czeczok's amended their motion and now seek to compel the Debtor to accept or reject the contract pursuant to section 365(c)(2) of the Bankruptcy Code. At trial, the Czeczoks clarified their motion indicating that the November motion for Relief from Stay be deemed withdrawn, and that they were proceeding solely under section 365(c)(2). A hearing was held before the undersigned on January 5, 1987. The material facts are as follows:

*Findings of Fact*

Pursuant to a written contract for deed dated April 19, 1977, the Czeczoks agreed to sell 280 acres of raw land near Bismarck, North Dakota, to-wit:

South Half (S½), except the South Half of the South Half of the Southeast Quarter (S½ S½ SE¼) thereof, of Section Twenty-eight (28), Township One Hundred Thirty-eight (138), Range Seventy-nine (79) West of the Fifth (5th) Principal Meridian. County of Burleigh.

The purchase price was $137,200.00, partially payable on the day of the contract with remaining payments payable, with interest, over a fifteen year period. The Debtor caused the land to be platted into a subdivision with lots five to six acres in size, constructed a three-mile road and made various other improvements, all totalling $93,000.00. The Debtor has sold some of the lots outright, with the Czeczoks giving warranty deeds to allow clear title to be passed. The instant motion pertains only

to those lots which the Czeczoks still hold in fee and which the Debtor is still purchasing under the contract for deed.

The Debtor is in default under the contract for deed as he failed to make annual installment payments to the Czeczoks on December 15, 1985, and December 15, 1986, each in the amount of $7,774.67. Taxes in the amount of $2,527.38 are also delinquent. As of September 30, 1986, the unpaid balance on the contract was $46,956.87. Seventeen of the developed lots are unsold, with a value of six to seven thousand dollars per lot, for a total value of $102,000.00 to $119,000.00. It appears that substantial equity exists, as to the movants, although no equity exists when one considers other encumbrances on the property held by junior lien holders. Although the movant's interest in the property is fully secured, any remaining equity in the property is exhausted when one considers junior encumbrances on the property.

### Conclusions of Law

A prerequisite to considering a motion to order a debtor to assume or reject an executory contract, is to first determine if an executory contract exists. In this district the starting point in determining whether a contract for deed is an executory contract is the recent Eighth Circuit decision of *In re Speck*, 798 F.2d 279 (8th Cir.1986). In *Speck*, the Eighth Circuit, as it did in *In re Knutson*, 563 F.2d 916 (8th Cir.1977), relied on Professor Vern Countryman's definition of an executory contract, that being: "a contract under which the obligation of both the bankrupt and the other party are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other". *In re Speck*, 798 F.2d 279, 279–80 (8th Cir.1986), citing Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973). The Eighth Circuit held that whether a contract for deed is an executory contract or a security agreement is governed by state law, and that *under South Dakota law* a contract for deed is an executory contract.

The Eighth Circuit, in *Speck*, appears to have relied exclusively on the interpretation of South Dakota law by the United States District Court for the District of South Dakota. *Id.*, at 280. The only South Dakota case relied on by the district court was *Walsh v. Bellamy*, 68 S.D. 291, 294, 2 N.W.2d 102, 103 (1942), which the court cited for the proposition that "the right of the vendor to receive payment and the right of the vendee to take merchantable title upon completion of those payments are dependant covenants". From that proposition the district court concluded that "[f]ailure of either party to perform is a material breach excusing the other's performance under South Dakota law" and, therefore, that a contract for deed is an executory contract. *Speck v. First Nat. Bank of Sioux Falls*, 62 B.R. 61, 61–62 (D.S.D.1985). Although the bankruptcy court did not rely on *Walsh v. Bellamy*, it cited various South Dakota statutes which indicated separate and different treatment between contract for deed cancellations and mortgage foreclosures under South Dakota law. *In re Speck*, 50 B.R. 307, 308 (Bankr.D.S.D.1985).

The Eighth Circuit and the U.S. District Court for the District of South Dakota emphasized that under South Dakota law, obligations under a contract for deed are "dependant covenants". Under North Dakota law, however, covenants by a vendee to make installments payments under a contract for deed, except the last payment, are independant covenants. *Semmler v. Beulah Coal Mining Co.*, 48 N.D. 1011, 188 N.W. 310, 312–13 (1922). *Cf., Benjamin v. Savage*, 154 Minn. 159, 191 N.W. 408, 408 (1923) (covenants to pay and convey are independant covenants in Minnesota). As such, the covenants of a vendee to pay are not contemporaneous with the covenant of a vendor to convey by warranty deed. *Semmler v. Beulah Coal Mining Co.*, 188 N.W. at 313. If covenants are independant, a party may maintain an action against the other without averring performance on his part whereas parties to dependant covenants cannot sue the other without first averring or proving performance on his own part. *See* 20 Am.Jur.2d

*Covenants* § 63 (1965). While a distinction exists between dependant and independant covenants, this appears to be a distinction without a difference as it relates to determining whether an executory contract exists. Thus, other differences in North Dakota law must be explored.

The North Dakota Supreme Court has, on a number of occasions, held that the relationship between a vendor and vendee on a contract for deed is that of a secured creditor:

> Under a contract for purchase of real property, the purchaser is generally regarded as the beneficial owner in equity while the vendor holds legal title in trust for the purchaser. *Woodward v. McCollum*, 16 N.D. 42, 111 N.W. 623, 626 (1907). The *relationship* between the installment vendor and his purchasers *is essentially one of secured creditor and debtor* and, for all practical purposes, the purchaser is regarded as owner and generally has the right to possess and use the property.... The vendor holds legal title as security for the payment of the entire purchase price....

*Zent v. Zent,* 281 N.W.2d 41, 45 (N.D.1979) (emphasis added). Although the *Zent* language is not in itself distinguishable from language used by the South Dakota Supreme Court in *Renner v. Chrisman,* 80 S.D. 532, 127 N.W.2d 717, 719 (1964), the North Dakota legislature and the North Dakota Supreme Court have both treated contract for deeds very similar to mortgages.

A significant difference between the two states' treatment of contract for deeds is apparent in the state law cancellation procedure. Under South Dakota law, a vendee to a contract for deed has a minimum of ten (10) days following a judgment of foreclosure within which time the vendee must comply with the terms of the contract. S.D. Codified Laws Ann. § 21–50–3 (1979). This treatment accorded a contract for deed vendor is in sharp contrast with the year redemption period to which a mortgagor is entitled following a sheriff's sale in a mortgage foreclosure action under South Dakota law. *See* S.D. Codified Laws Ann. § 21–52–11 (1979). North Dakota likewise

has a year redemption period following a real estate mortgage foreclosure action. N.D.Cent.Code § 28–24–02 (Supp.1985). However, North Dakota law provides that contract for deed vendors also have a one-year period during which time a default may be cured, before a vendor can effect statutory cancellation of the contract. N.D.Cent.Code § 32–18–04 (1976). The length of the "cure" period prior to cancellation of a contract for deed is identical to the redemption period afforded mortgagors under state law. While statutory cancellation of a contract for deed appears to be the common method used in North Dakota for cancellation, other methods are also available. *See Cancellation of Land Contracts,* 32 N.D.Law.Rev. 5 (1956). The North Dakota Supreme Court has even inferred that an action to foreclose a contract for deed could be brought pursuant to North Dakota Century Code chapter 32–19, entitled "Foreclosure of Real Estate Mortgages". *See Langenes v. Bullinger,* 328 N.W.2d 241, 245 (N.D.1982). Perhaps the greatest indication that contract for deeds are treated as mortgages and not as executory contracts in North Dakota, however, is the North Dakota Supreme Court's holding in *Langenes* that a vendor cannot cancel a contract for deed *and* obtain a money judgment, as would normally be allowed in ordinary contract cases. *Langenes v. Bullinger,* 328 N.W.2d at 246. The *Langenes* court held that in order to obtain a money judgment, the anti-deficiency statutes must be considered. *Id. See also* N.D.Cent. Code § 32–19–07 (1976). Thus, damages normally recoverable in a breach of contract case are not recoverable on a contract for deed cancellation; rather contract for deed vendors are awarded the same anti-deficiency protection as mortgagors of foreclosed real estate.

The North Dakota Supreme Court and the North Dakota Legislature have made clear that contract for deed vendors and vendees, in North Dakota, shall have rights and remedies very similar to those of mortgagors and mortgagees of real estate. Thus, although a contract for deed is an executory contract under South Dakota law, this court will continue to hold that a

contract for deed is essentially a mortgage in North Dakota and not an executory contract. *In re Flaten,* 50 B.R. 186 (Bankr.D. N.D.1985). Thus while the Eighth Circuit's position, as set out in *Speck,* is certainly critical to any analysis of whether a contract for deed is an executory contract, that analysis continues to be principally based upon state law of the particular jurisdiction in which the issue is raised. *See, Frank Seitzinger Farms, Inc. of Iowa v. Waller,* 67 B.R. 869, 872–73 (D.S.D.1986) (Hon. Donald J. Porter, author of *Speck v. First Nat. Bank of Sioux Falls,* 62 B.R. at 61–62, subsequently held that contract for deed is not an executory contract under Minnesota law.) This court believes, based upon its analysis of North Dakota law, that were the Eighth Circuit to review the issue as against North Dakota law, it would come to the same conclusion as this court has.

Accordingly, and for the reasons stated herein, the motion of Herbert and Christine Czeczok for assumption or rejection of the executory contract is DENIED. Czeczoks are free to renew the motion for relief from stay which was previously withdrawn.

IT IS SO ORDERED.