In re Ronald M. SCHMIDT and Doreen M. Schmidt, Debtors.

Henry WALTHER and Fern V. Walther, Plaintiffs,

v.

Ronald M. SCHMIDT and Doreen M. Schmidt, Defendants.

Bankruptcy No. 86–06026.
Adv. No. 87–7008.

United States Bankruptcy Court, D. North Dakota.

March 19, 1987.

---

Thomas B. Bair, Mandan, N.D., for plaintiffs.

Joseph A. Vogel, Jr., Mandan, N.D., for defendants.

William P. Westphal, Minneapolis, Minn., U.S. trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the court on a Motion For Summary Judgment filed by the plaintiffs, Henry and Fern Walther (Walther) on March 9, 1987.

By complaint filed February 3, 1987, and as amended February 20, 1987, Walthers, as vendors on a contract for deed, seek judgment determining that the bankruptcy estate no longer has an interest in the property by virtue of the expiration of a state court ordered redemption period. Five of the six complaint allegations are admitted by the defendants/debtors, Ronald and Doreen Schmidt (Debtors). They deny paragraph six wherein it is alleged that they failed to redeem the property as required by the state court judgment and 11 U.S.C. § 108(b).

Walthers, relying upon the case of *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983) allege that the Debtors have failed to redeem as required by a state court judgment and by such failure, they no longer have an interest in the property. In support of their motion, Walthers have provided the court with an affidavit as well as copies of the state court judgment and the contract for deed.

Summary judgment is available where the pleadings or other documents on file show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *United States v. Porter*, 581 F.2d 698 (8th Cir.1978). The circuit court teaches that when considering motions for summary judgment, the facts must be viewed in a light most favorable to the party opposing the motion, and court's must afford that party the benefit of all inferences which may be derived from the facts contained in the pleadings, depositions, and affidavits. *St. Louis County Bank v. United States*, 674 F.2d 1207 (8th Cir.1982). It is with these standards in mind that the facts and issues of this case are considered.

1.

From the admitted allegations of fact contained in the amended complaint and the two submitted documents, the uncontroverted facts are as follows:

On April 2, 1981, the Debtors, as purchasers, entered into a contract for deed with the Walthers, as vendors, for the purchase of: the East one-half (E½) and Northwest Quarter (NW ¼) of Section Ten (10) and West one-half (W½) and North one-half of Northeast Quarter (N ½ NE ¼) of Section Eleven (11), Township One hundred thirty-five (135), Range Seventy-five (75), Emmons County, North Dakota. The contract provided that certain payments would be made by the Debtors to the Walthers who, upon completion of all payments, would transfer title to the Debtors by warranty deed. The contract for deed was duly recorded. The Debtors defaulted in the payment obligations and on May 20,

1986, Walthers commenced an action in the North Dakota State District Court for Emmons County seeking cancellation of the contract. On October 7, 1986, the North Dakota District Court, upon motion of the Walthers, entered a default judgment cancelling the contract for deed and ordered that to redeem the property from cancellation, the Debtors shall pay the Walthers the sum of $15,855.82 plus interest and costs by February 1, 1987.

The Walthers, by affidavit, state the Debtors have not redeemed the property as provided for in the state court judgment. The Debtors admit the essential allegations of fact including the allegation that they failed to pay Walthers the sum of $15,855.82 plus interest and costs by February 1, 1987.

The Debtors filed a petition for relief under Chapter 12 of the Bankruptcy Code on December 2, 1986.

There are no issues of fact unresolved and the court believes the only issue is the legal question of whether the state court imposed redemption period was tolled by the bankruptcy filing with the Debtors retaining an interest in the subject property.

### 2.

In North Dakota, a vendor, upon default under a contract for deed, may cancel the contract by statutory proceeding or he may, as in the present case, proceed by action. *See* N.D.Cent.Code ch. 32–18; *Langenes v. Bullinger,* 328 N.W.2d 241 (N.D.1982). Regardless of what method is chosen, the purchaser is afforded a period of time within which to cure the existing defaults and reinstate the contract. This period of time has been variously referred to as a cure provision, a compliance period, and a redemption period. Regardless of the term used, the effect is essentially the same and is not substantively distinguishable regardless of whether a vendor proceeds to cancel by statute or by action. The process by which cancellation is accomplished by action is not dissimilar from mortgage foreclosures. The cancellation issue is brought before a state district judge who, after consideration of the equities involved, establishes a period of time

for cure. *Shervold v. Schmidt,* 359 N.W.2d 361 (N.D.1984). In the case at bar, the contract was cancelled as of October 7, 1986, by the event of entry of judgment on that date. The state court, however, granted the Debtors a four month redemption period saying, "in order to redeem said property for said cancellation", the sum of $15,855.82 plus interest and costs shall be paid by February 1, 1987. It is clear that the effect of the judgment was to work a cancellation effective October 7, 1986, subject only to a right of redemption.

This court regards the cases of *Johnson v. First National Bank of Montevideo, supra* and *Martinson v. First National Bank of Oaks,* 731 F.2d 543 (8th Cir.1984) as controlling. Although these cases dealt with statutory redemption periods stemming from mortgage foreclosure actions, they apply with equal authority to court imposed redemption periods stemming from contract for deed cancellations by action.

*Johnson* held that section 362(a) of the Bankruptcy Code does not apply to stay the running of a statutory redemption period reasoning that equity does not extend to situations where a debtor is unable to make required payments within a prescribed time. The court premised this conclusion on the view that the automatic transfer of property following the expiration of a period of redemption is not an "act", a "proceeding", or the "enforcement" of a right within the meaning of section 362(a) and that section 362(a) prohibits only certain types of affirmative actions. Similarly, in the case at bar, nothing further is required of the Walthers in order to accomplish cancellation. They obtained a judgment of cancellation which is legally effective in and of itself, subject only to the Debtors' right to redemption, which can be accomplished by making the requisite payment. Just as section 362(a) cannot operate to toll a statutory redemption period so too, it cannot toll a court decreed redemption period because there is nothing further the contract vendor need do in order to effect the cancellation. The period continues to

run despite the filing of a bankruptcy petition.

Relying upon *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) the Eighth Circuit in *Johnson, supra,* went on to say that absent a specific grant of authority from Congress or exceptional circumstances, a bankruptcy court may not exercise its equitable powers to create substantive rights that do not exist under state law. The suspension or enlargement of a statutory redemption period beyond those provided for by state law was held by the court to be an inappropriate exercise of equitable powers. A court-imposed redemption period is fundamentally indistinguishable from a statutory redemption period and thus, as regards a contract for deed cancellation, a defaulting purchaser has no substantive right to cure the default beyond that period of time expressly provided by the state court judgment of cancellation. The state district court was well within its authority to cancel the contract and fix a redemption period and it would be a completely inappropriate exercise of equitable powers for this court, as a bankruptcy court, to ignore that redemption period.

■ Section 108(b) of the Bankruptcy Code is only a limited exception to this rule. This section is not only applicable to statutory redemption periods stemming from mortgage foreclosures, but is also meant to cover any type of action, proceeding, statute, agreement, or order by which a time is fixed within which a debtor is to do something. It includes orders entered in non-bankruptcy proceedings by which a period is fixed within which a person may "cure" a default or "perform any other similar act". The language is, thus, inclusive of the redemption period fixed by the state court in the instant case. The Debtors accordingly had until February 1, 1987, to cure the contract defaults. Section 108(b) provides in mandatory terms that when the redemption period has not expired as of the time of the petition filing, the debtor may redeem before the end of the period, including any suspension of such period occurring on or after the commencement of the case; or sixty days after the order for relief, whichever is later. If the redemp-

tion period expires more than sixty days after the petition filing, then, under section 108(b), the defaulting party has only until the stated redemption expiration date within which to effect a redemption. *In re Martinson,* 731 F.2d 543 (8th Cir.1984). Here the state court imposed redemption period expired on February 1, 1987, which is coincidentally sixty days from the December 2, 1986, petition date. The Debtors did not pay the Walthers the sum necessary to redeem within this period, thus, the time has expired and by virtue of the state court order of October 7, 1986, the contract is cancelled and title has fully vested in the Walthers.

Accordingly, and for the reasons stated, the plaintiff's, Henry Walther and Fern V. Walther, are entitled to judgment as follows:

The Debtors, Ronald M. Schmidt and Doreen M. Schmidt, failed to redeem as of February 1, 1987, the time fixed for redemption, their rights in the subject real property have automatically terminated by virtue of the state court judgment of October 7, 1986, and they have no further rights under the contract for deed. The plaintiff's, Henry Walther and Fern V. Walther, are free to pursue their remedies at state law to achieve possession.

SO ORDERED.