**Walter Marlin BROWN and Burdean Ruth Brown, Appellants,**

v.

**FIRST NATIONAL BANK IN LENOX, Appellee.**

**No. 88–1168.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1988.

Decided April 21, 1988.

Marlyn S. Jensen, Osceola, Iowa, for appellants.

Pamela D. Griebel, Des Moines, Iowa, for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ARNOLD, Circuit Judge.

The appellants, Walter Marlin Brown and Burdean Ruth Brown, are the farmer-debtors in this proceeding under the newly enacted Chapter 12 of the Bankruptcy Code, 11 U.S.C. §§ 1201 et seq. The appellee, First National Bank in Lenox, has a security interest in a contract for deed under which the debtors have been buying a piece of real property. The question presented is whether a contract for deed is to be classified for purposes of Chapter 12 as an executory contract, which the debtors must either reject or complete, or a lien, in which event the bank would be treated as a secured creditor only to the extent of the fair market value of the property at the time of the filing of the bankruptcy proceeding.

The Bankruptcy Court[1] held that the bank's interest was properly classified as an executory contract and gave the debtors ten days either to assume or reject it. The District Court[2] affirmed, and the debtors brought this appeal.

In *In re Speck*, 798 F.2d 279 (8th Cir.1986) (per curiam), a proceeding under Chapter 11, we held that whether a given interest was to be classified as a lien or an executory contract was to be determined by state law. In *Speck* the relevant law was that of South Dakota, and we held that under that law a contract for deed was classified as an executory contract. Here, both the Bankruptcy Court and the District Court found to the same effect under Iowa law. The debtors have presented no solid reason why we should depart from our normal practice of deferring to the view of a district court on the law of its own state, and we accordingly accept this holding of Iowa law, concurred in by both of the courts below.

It follows, under *Speck*, that contracts for deed in Iowa, as in South Dakota, are executory contracts, rather than liens, for purposes of the Bankruptcy Code. The debtors suggest that because this is a Chapter 12 proceeding, a different result should follow, but it is impossible to square this argument with the statute itself, which expressly adopts the same executory-contract provisions applicable to bankruptcy proceedings generally. See 11 U.S.C. §§ 1222(b)(6), 365. It is true enough, as the debtors point out, that Chapter 12 was intended to be remedial and to relieve the situation of some farmer-debtors who were unable to obtain relief under pre-existing law. But this general purpose cannot pre-

---

1. The Hon. Lee Jackwig, United States Bankruptcy Judge for the Southern District of Iowa.

2. The Hon. W.C. Stuart, Senior United States District Judge for the Southern District of Iowa.

**582**

vail against explicit statutory language, such as that which faces us here.

 Appellants' real argument, and their brief frankly concedes it, is that "[t]his appeal is a request to this Court to review the position taken in *In re Speck,* 798 F.2d 279 (8th Cir.1986), wherein this Court determined that State law determines whether or not a contract is executory pursuant to Section 365." Brief of Appellants p. 2. Unfortunately for appellants' position, one panel of this Court is not at liberty to overrule an opinion filed by another panel. Only the Court en banc may take such a step. We are therefore bound by *Speck,* and we have no alternative but to affirm this judgment.

Affirmed.