A separate order will be entered consistent herewith.

### In the Matter of HEARTLINE FARMS, INC., Debtor.

### Bankruptcy No. BK89–40303.

United States Bankruptcy Court,
D. Nebraska.

May 4, 1990.

Vard R. Johnson, Omaha, Neb., for Heartline Farms, Inc.

Daniel A. Fullner, Madison, Neb., for John Daly, Personal Representative of the Agnes L. Stokes Estate, deceased.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

THIS MATTER comes before the court on the debtor's Motion for New Trial, for Amended Findings of Fact and for an Amended Order (Fil. # 111). The court concludes that the motion should be granted in part and denied in part.

The debtor's motion for new trial and amended findings was filed in response to the court's January 16, 1990 memorandum opinion in this matter. The January 16, 1990 opinion generally held that for purposes of 11 U.S.C. § 365 a Nebraska installment land contract is executory if the land contract can be strictly foreclosed under Nebraska law. 116 B.R. 694 (Bkrtcy. D.Neb.). Nebraska law allows strict foreclosure if the vendee has no equity in the property and strict foreclosure would not offend justice and equity. In the January 16, 1990 opinion, the court concluded that strict foreclosure of the debtor's interest under the land contract was available under Nebraska law because the debtor had no equity in the property and strict foreclosure would not offend justice and equity. Accordingly, the court held that the debtor's installment land contract was not an executory contract for purposes of § 365.

## ARGUMENT

At the hearing on debtor's motion for new trial and amended findings, the debtor advanced three principal arguments in support of its motion. First, the debtor asserted that it is entitled to a new trial because several facts demonstrate that strict foreclosure of the March 1, 1978 land contract would offend justice and equity under Nebraska law. Second, the debtor argued that it is entitled to a new trial because the rule of decision in the court's January 16, 1990 opinion is erroneous as a matter of law. Third, the debtor requested that the

court amend its finding as to the value of the real estate subject to the March 1, 1978 land contract.

With respect to debtor's first principal argument, the debtor asserted that several facts present in this case demonstrate that strict foreclosure of the land contract would offend justice and equity. First, the debtor asserted that allowing strict foreclosure would deprive the debtor of the rights associated with foreclosing a mortgage, including an equity of redemption and a judicial sale under state law. Second, the debtor stated that although there is currently no equity in the property, the debtor has reduced the purchase price of the property by 40 percent. The debtor states that the original purchase price of the land in 1978 was approximately $504,-000.00, and the debtor has reduced the balance due by payments to approximately $310,000.00. Third, the debtor stated that it has improved the real estate during the contract term. Fourth, the debtor argued that the debtor and the vendor, Stokes Estate have agreed as a matter of contract that termination of the debtor's interest could take place only by foreclosure as a mortgage. Debtor asserts that both the March 1, 1978 land contract and a subsequent settlement agreement between Mr. Charles Raymond, debtor's predecessor in interest, and the Stokes Estate contain language which allows termination of the debtor's interest only through foreclosure as a mortgage. Fifth, the debtor asserted that the lack of equity in the real estate is not attributable to the debtor, but is due to a systemic decline in the value of farm and ranch land in Nebraska during the 1980's. The debtor asserted that its lack of control over the decline in value is a factor the court should consider in determining whether strict foreclosure would offend justice and equity.

The second principal argument advanced by the debtor at the hearing on its motion for new trial and amended findings is that the rule of decision in the court's January 16, 1990 opinion is erroneous as a matter of law. The debtor asserted that Congress' intent in enacting Chapter 12 was to provide protection for farmers that Chapters 11 and 13 failed to provide. The debtor stated that a purpose of Chapter 12 is to protect the value of property rather than a creditor's interest in property. However, debtor argues that the rule of decision announced in the January 16, 1990 opinion protects a creditor's interest in property and fails to follow the policies behind Chapter 12. Farm and ranch land values have declined in Nebraska in the 1980's. Debtor contends that the court's decision allows the decline in value to transform a nonexecutory contract into an executory contract through no fault or control of debtors. Therefore, the debtor requests the court to reconsider its decision in light of the policies of Chapter 12.

The third principal request advanced by the debtor at the hearing on its motion for new trial and amended findings is a request that the court amend its finding as to the value of the property subject to the March 1, 1978 land contract. The court's January 16, 1990 opinion stated that debtor's plan valued the property at $144,000.00 and that an appraisal attached to the plan valued the property at $150,000.00. Debtor asserted that this finding was incorrect because the plan and an appraisal attached to the plan valued the property at $260,000.00.

## DISCUSSION

I conclude that debtor's motion for new trial and amended findings should be granted in part and denied in part. Debtor's motion for new trial should be denied because strict foreclosure of the March 1, 1978 land contract would not offend justice and equity under Nebraska law, and because the court's January 16, 1990 opinion is not erroneous as a matter of law. Debtor's motion for amended findings should be granted with respect to the court's finding of the value of the property.

First, debtor's motion for new trial should be denied. I conclude that strict foreclosure of debtor's interest under the March 1, 1978 land contract is available under Nebraska law. Strict foreclosure is available under Nebraska law if the vendee has no equity in the property and strict

foreclosure would not offend justice and equity. Debtor acknowledged at the hearing on the motion for new trial and amended findings that debtor has no equity in the property. I conclude that the facts raised by the debtor do not demonstrate that strict foreclosure would offend justice and equity under Nebraska law. First, a failure to provide the debtor with the rights associated with foreclosure as a mortgage would not offend justice and equity. The rights to be protected by requiring a land contract to be foreclosed as a mortgage include the vendee's equity of redemption and the right to a judicial sale. A failure to provide these rights to the vendee, Heartline Farms, Inc. on the facts of this case would not offend justice and equity. *See, e.g., In re Coffman,* 104 B.R. 958, 963 (Bkrtcy.S.D.Ind.1988). With respect to a vendee's equity of redemption, a sale of the property could be stayed up to nine (9) months under Nebraska law and the vendee would be provided an opportunity to refinance or purchase the property. However, on the facts of this case, even if this right was provided to the debtor, the debtor would not exercise the right. Debtor's purchase price of the property is much greater than the value of the property and there is thus no economic incentive for the debtor to redeem the property. With respect to a judicial sale, such sale provides for judicial review of the purchase price, and the debtor would benefit from any equity in the property upon sale. However, on the facts of this case, the debt owed to the vendor, Stokes Estate is much greater than the value of the property. The entire purchase price would be paid to the vendor, and the debtor does not stand to benefit from any equity.

Second, a reduction in the purchase price of the property by 40 percent does not bar strict foreclosure in this case. Despite a reduction in the purchase price, the debtor nevertheless has no equity in the property.

Third, the fact that debtor may have made improvements to the real estate would not offend justice and equity upon strict foreclosure. Based on the statements of counsel at the hearing, any improvements made by the debtor were not substantial. However, notwithstanding the improvements, debtor still has no equity in the property. Thus, a forfeiture of equity would not occur upon strict foreclosure.

Fourth, at the hearing in this matter the debtor argued that parties have agreed as a matter of contract that termination of the vendee's interest upon default could take place only by foreclosing the land contract as a mortgage. I conclude that the agreements between the parties do not prohibit strict foreclosure. The original March 1, 1979 land contract states that upon default the vendor "shall be entitled to immediate possession of the premises and to foreclose the contract as provided by law." A subsequent settlement agreement between the vendor and Charles Raymond, debtor's predecessor in interest, simply refers to a "foreclosure action." Although a contractual agreement between parties respecting the manner of foreclosure upon default may control, neither the language in the land contract, nor the language in the settlement agreement requires the land contract to be foreclosed as a mortgage. The language in both instruments is not specific and can be construed to allow either strict foreclosure or foreclosure as a mortgage. Thus, I conclude that the agreements between the parties do not specify the manner in which the vendee's interest may be foreclosed. Therefore, based on the reasons set forth, I conclude that none of the facts raised by the debtor would cause justice or equity to be offended upon strict foreclosure.

The debtor, Heartline Farms, Inc. also asserted that it is entitled to a new trial because the court's January 16, 1990 opinion is erroneous as a matter of law. The debtor asserted that the opinion fails to follow the policies behind Chapter 12. I conclude that this assertion is insufficient to warrant a new trial. Although a systemic failure of farm and ranch land values may be an appropriate consideration from a legislative point of view, it is not an appropriate fact for this court to consider in the context of this case. Under decisions of the Eighth Circuit Court of Appeals, this court is required to follow state law to

determine whether a contract is executory for purposes of § 365. *See In re Speck,* 798 F.2d 279 (8th Cir.1986); *Brown v. First Nat'l Bank in Lenox,* 844 F.2d 580 (8th Cir.1988). Based on the reasons discussed in the January 16, 1988 opinion and the instant memoranda, I have concluded that the March 1, 1978 land contract may be strictly foreclosed under Nebraska law. Therefore, the land contract is executory for purposes of § 365.

Although the debtor's motion for a new trial should be denied, I conclude that the motion for amended findings should be granted. The court's January 16, 1990 opinion held that the debtor's plan valued the property subject to the March 1, 1978 land contract at $144,000.00, and that an appraisal attached to the plan valued the property at $150,000.00. Upon a review of debtor's plan and the appropriate appraisal attached thereto, I conclude that this finding was incorrect. Debtor's plan and an appraisal attached to the plan values the property subject to the March 1, 1978 land contract at $260,000.00. Therefore, the court's finding of fact respecting the value of the real estate should be amended to reflect that debtor's plan and an appraisal attached thereto value the real estate subject to the land contract at $260,000.00. However, the court's finding that the debt on the property is approximately $361,-639.30 remains unchanged. Therefore, the amended finding as to the value of the property does not change the court's conclusion that debtor has no equity in the property.

Based on the reasons set forth, it is ordered,

1. Motion for New Trial, for Amended Findings of Fact, and for an Amended Order (Fil. # 111) is granted in part and denied in part. The request for new trial is denied. The request for amended findings of fact and an amended order respecting the value of real estate subject to the March 1, 1978 land contract is granted to the extent stated in paragraph 2 below; and

2. The court's finding of fact in the January 16, 1990 Memorandum Opinion (Fil. # 110) that the debtor's plan values the real estate subject to the March 1, 1978 land contract at $144,000.00, and that an appraisal attached to the plan values the real estate at $150,000.00 is hereby amended to state that the debtor's plan and an appraisal attached to the plan value the real estate subject to the March 1, 1978 land contract at $260,000.00.